BRUCE A. SCHEIDT, State Bar No. 155088
CHRISTOPHER ONSTOTT, State Bar No. 255968
KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:     (916) 321-4500
Facsimile:     (916) 321-4555

Attorneys for Defendants
MARK J. SIEMENS, CARLOS A. URRUTIA, and
CITY OF ROCKLIN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| RICK EATON,<br><br>Plaintiff,<br><br>v.<br><br>MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,<br><br>Defendants. | CASE NO.  2:07-cv-00315-FCD-KJM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)] AND, ALTERNATIVELY, TO STAY PENDING RESOLUTION OF PRIOR STATE COURT ACTION [ABSENTION DOCTRINE]**<br><br>**Date:     May 11, 2007**<br>**Time:     10:00 a.m.**<br>**Ctrm:     2**<br>**The Honorable Frank C. Damrell, Jr.** |

///

///

///

///

///

///

Kronick,
Moskovitz,
Tiedemann &
Girard
Attorneys At Law

DOCS 855728.1 9959.012

2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

I.    SUMMARY OF ARGUMENT ................................................................................... 1

II.   FACTUAL SUMMARY ............................................................................................ 2

    A.    Plaintiff asked to arbitrate his termination under the Police Officer
        Association's collective bargaining agreement ...................................................... 2

    B.    Arbitrator found Plaintiff committed the six acts of insubordination alleged
        by the City, and recommended Plaintiff's termination for "good cause" ............. 3

    C.    Eaton files Petition for Writ of Mandate in state court to set aside his
        termination and award him back pay, compensatory damages, punitive
        damages and his attorney fees for violation of state and federal laws .................. 4

    D.    After filing his Petition in state court, Plaintiff filed this Complaint to set
        aside his termination and award him back pay, compensatory damages,
        punitive damages and his attorney fees for violation of state and federal
        laws ....................................................................................................................... 5

        1.    Plaintiff's allegations that he was wrongfully terminated and that he
            could not be disciplined because his speech was protected by the
            First Amendment were previously adjudicated by the arbitrator and
            is alleged in his Petition in state court ....................................................... 5

        2.    Plaintiff's allegation that the City's use of General Order 3 violated
            his procedural rights was previously adjudicated in his
            administrative proceeding and is alleged in his Petition in state
            court .......................................................................................................... 6

III.  LEGAL ARGUMENT ................................................................................................ 8

    A.    This Complaint is barred by doctrine of res judicata if Plaintiff has
        abandoned his Petition in state court ..................................................................... 8

    B.    Alternatively, Plaintiff's claims for injunctive relief should be dismissed
        and his action for damages stayed under the Younger abstention doctrine if
        Plaintiff contends his Petition has not been abandoned ...................................... 11

    C.    Alternatively, Plaintiff's claims for injunctive relief should be dismissed
        and his action for damages stayed under the Burford abstention doctrine if
        Plaintiff contends his Petition has not been abandoned. ..................................... 15

IV.   CONCLUSION ........................................................................................................ 16

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                                - i -                        2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Beltran v. California*, 871 F.2d 777 (9th Cir. 1989)....................................................12, 13

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ...................................................... 3

*Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) ............................................................ 2, 15

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (9th Cir. 2002) ......................................... 3

*Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146 (E.D. Cal. 1999).....................13, 14

*Dubinka v. Judges of Superior Court, County of Los Angeles*,
    23 F.3d 219 (9th Cir. 1994) ................................................................................ 14

*Federated Department Stores v. Moitie*, 452 U.S. 394 (1981)........................................ 8

*Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) ..................................................... 12

*Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002) ............................................................ 4

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)............................................................ 4

*Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986) ..................... 2

*Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994)...................................10, 11

*New Orleans Public Service, Inc., v. New Orleans*, 491 U.S. 350 (1989)...................... 15

*Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*,
    477 U.S. 619 (1986)............................................................................................ 12

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998)........................................................ 3

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ....................... 8

*Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365
    (9th Cir. 1988)..................................................................................................... 4

*Samuels v. Mackell*, 401 U.S. 66 (1971) ...................................................................... 12

*Scott v. Kuhlman*, 746 F.2d 1377 (9th Cir. 1984).......................................................... 8

*Stewart v. U.S. Bancorp.*, 297 F.3d 953 (9th Cir. 2002).................................................. 8

*United States v. Morros*, 268 F.3d 695 (9th Cir. 2001) ................................................ 15

*University of Tennessee v. Elliott*, 478 U.S. 788 (1986)...................................2, 9, 10, 11

*Younger v. Harris*, 401 U.S. 37 (1970)............................................... 2, 11. 12, 13, 14, 15

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                    - ii -                    2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

## STATE CASES

*JKH Enterprises, Inc. v. Department of Industrial Relations*
    (2006) 142 Cal.App.4th 1046 .................................................................. 11

*Johnson v. Loma Linda* (2000) 24 Cal. 4th 61 .....................................9, 15, 16

## FEDERAL STATUTES

42 U.S.C. § 1983.................................................................................... 6, 9

Federal Rules of Civil Procedure, Rule 12(b)(6)........................................ 3, 8

## STATE STATUTES

Cal. Lab. Code § 1102.5........................................................................... 6

Cal. Govt. Code §§ 3300 *et seq.* .......................................................1, 5, 7, 8

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                           - iii -                    2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

# I.

## SUMMARY OF ARGUMENT

Plaintiff Rick Eaton ("Plaintiff") was a police sergeant for Defendant City of Rocklin ("City") when his employment was terminated in November 2004. Plaintiff filed a grievance of his termination pursuant to the collective bargaining agreement ("Memorandum of Understanding") controlling the terms and conditions of his employment. Plaintiff and the City agreed on the selection of arbitrator William Riker ("the arbitrator" or "Mr. Riker") to hold a fact-finding administrative hearing as to whether there was good cause to support the City's termination of his employment. After a seven-day administrative hearing in July and August of 2005, Mr. Riker issued a 49-page decision on January 9, 2006, finding the evidence established the six grounds for termination set forth in the City's notice of termination. Mr. Riker's decision recommended the City's termination of Plaintiff "for cause … and the grievance/appeal denied." Mr. Riker's arbitration decision also rejected Plaintiff's First Amendment/free speech defense and found there were no procedural defects under California's Public Safety Officers' Procedural Bill of Rights Act. Carlos Urrutia, acting under the authority of the Memorandum of Understanding and pursuant to his duties as City Manager, accepted Mr. Riker's decision and sustained the termination of Plaintiff's employment in a letter to Plaintiff dated January 11, 2006.

On April 10, 2006, Plaintiff appealed his termination by filing a Verified Petition for Writ of Mandate ("Petition") in the Superior Court of California, County of Placer, pursuant to California Code of Civil Procedure section 1094.5. The Petition alleges Plaintiff's termination is not supported by the arbitrator's findings, and the findings "are not supported by the evidence in light of the whole record." The Petition also alleges the City violated Plaintiff's First Amendment/free speech rights, his procedural due process rights, and his rights under the California Public Safety Officers' Procedural Bill of Rights Act (Cal. Govt. Code 3300, *et seq.*). The Petition asks the Superior Court to set aside the City's termination of his employment and order his reinstatement. The Petition also seeks back pay with interest from October 12, 2004, attorney fees and costs, and punitive damages.

The Petition remains on file in Placer County Superior Court. Plaintiff has not

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                           - 1 -                          2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

done anything to advance the state lawsuit beyond filing it. Instead of concluding his appeal of the City's termination of his employment and his claim for damages through the writ proceeding in state court under Code of Civil Procedure section 1094.5, Plaintiff now files a second lawsuit to set aside his termination and seek compensatory and punitive damages in connection with his discharge. This lawsuit repeats the factual contentions made by Plaintiff in his arbitration, which he has appealed in the Petition, and raises the same legal issues and violations of state and federal law as alleged in his Petition.

If his Petition is abandoned, Plaintiff should say so in his response to this motion. If his state court writ proceeding has concluded, this Court should dismiss this lawsuit under the doctrines of *res judicata* or issue preclusion. See *University of Tennessee v. Elliott*, 478 U.S. 788, 797 (1986).

If Plaintiff has not abandoned his Petition, then the equitable claims in his Complaint should be dismissed and his damage claims stayed under the applicable federal doctrines of abstention to permit a pending state proceeding to be completed. See *Younger v. Harris*, 401 U.S. 37 (1970) (*Younger* abstention doctrine); see also *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (*Burford* abstention doctrine). Accordingly, if the state court in the writ proceeding were to uphold Plaintiff's termination, his damage claims in this lawsuit could then be dismissed.

## II.

## FACTUAL SUMMARY

**A.** **Plaintiff asked to arbitrate his termination under the Police Officer Association's collective bargaining agreement.**

On November 1, 2004, Defendant Carlos Urrutia, the City of Rocklin's City Manager, issued Plaintiff a Notice of Termination dismissing him from employment as a police sergeant for the City. (See Plaintiff's Petition for Writ of Administrative Mandate, ¶ 11 [hereinafter "**Petition, ¶ __**"];[1] see also Defendants' Request for Judicial Notice ["ROJ"], ¶ 1; see

---

[1] On a motion to dismiss, a court may take judicial notice of facts outside the pleadings, including records and reports of administrative bodies. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). In addition, "when [the] plaintiff fails to introduce a pertinent document as part of

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                - 2 -                2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1    also Declaration of Bruce A. Scheidt ["Scheidt Decl."], ¶ 2.)[2]

2          Plaintiff "made written application for an evidentiary hearing" after being issued a

3    Notice of Termination dismissing him from employment as a police sergeant for the City, within

4    the time allowed by the Memorandum of Understanding ("MOU") between the City and the

5    Rocklin Police Officers Association.  **(Petition, ¶ 12.)**

6          Pursuant to the MOU, Plaintiff and the City selected Mr. Riker to serve as the

7    arbitrator and hear Plaintiff's appeal of his termination, and to provide Mr. Urrutia with an

8    advisory decision.  An "evidentiary hearing" was held before Mr. Riker on July 20-22, August

9    10-12 and 31, 2005, during which Plaintiff "presented witnesses and documentary evidence

10   related to [his] appeal from dismissal."  **(Petition, ¶¶ 13, 14.)**

11   **B.      <u>Arbitrator found Plaintiff committed the six acts of insubordination alleged</u>**
12   **<u>by the City, and recommended Plaintiff's termination for "good cause".</u>**

13         On January 9, 2006, Mr. Riker issued an arbitration decision recommending to

14   City Manager Carlos Urrutia that the City's termination of Plaintiff "for cause be sustained and

15   the grievance/appeal denied."  **(Arbitration Decision, p. 49, attached to Defendants' Request**

16   **for Judicial Notice, ¶ 2 and Declaration of Bruce A. Scheidt, ¶ 2.)[3]**  Mr. Riker found:

---

17   his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading."
18   *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).  "[W]e hold that documents whose contents are
     alleged in a complaint and whose authenticity no party questions, but which are not physically attached to
19   the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Id.*

20   [2]     Federal courts traditionally have entertained certain pre-answer motions that are not expressly
     provided for by the rules.  *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d
21   365, 369 (9th Cir. 1988), citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1360 at 633-34
     (1969).  "[One] group of pretrial motions is closely related to the management of the lawsuit and might
22   generally be characterized as involving matters of judicial administration; the authority to hear these
     motions lies in the inherent power of a court to regulate actions pending before it.  In this category fall
23   motions to … dismiss because another action is pending."  *Ritza*, 837 F.2d at 369.
         Non-enumerated Rule 12(b) motions "are governed by the general motion provisions in the federal
24   rules, … which permits the hearing of motions based on facts outside the record on affidavits submitted by
     the parties."  *Ritza*, at 369.  District courts have authority to resolve factual disputes in an un-enumerated
25   motion under Rule 12(b).  *Id.*  In deciding an un-enumerated Rule 12(b) motion to dismiss, such as here
     (re: abstention doctrines) the court may look beyond the pleadings and decide disputed issues of fact.  *Id.*

26   [3]     Under the "incorporation by reference doctrine," the Ninth Circuit has expressly approved
27   allowing the defendant to introduce an authentic document as an exhibit to be considered on a motion to
     dismiss to attack the pleading even "when [the] plaintiff fails to introduce the pertinent document as part
28   of his pleading.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (9th Cir. 2002) (judicial notice of
     terms of recording contract, where the recording contracts were integral to the complaint in which

As noted, the preponderance of the evidence indicates that Eaton did commit the acts outlined in the six charges. These actions also impacted a wide number of officers within the Department who were aware of his behavior. It is also credible that he did negatively impact the good order and efficiency of the organization. If he were allowed to remain as a police officer with the City of Rocklin, then his behavior would serve as a benchmark against future violations of such insubordinate and disruptive nature. It is a recommendation that frankly would be inconsistent with the findings.

**(Arbitration Decision, p. 48.)**

Mr. Urrutia, acting under the authority of the MOU and in his capacity as City Manager, issued a Final Decision on January 11, 2006, "terminating Eaton from City employment." Mr. Urrutia's Final Decision contains "findings" against Plaintiff. **(Petition, ¶¶ 16-17; Defendants' Request for Judicial Notice, ¶ 3; Scheidt Decl., ¶ 3.)**

C.    **Eaton files Petition for Writ of Mandate in state court to set aside his termination and award him back pay, compensatory damages, punitive damages and his attorney fees for violation of state and federal laws.**

Plaintiff filed a Petition for Writ of Mandate on April 10, 2006, in the Superior Court of California, County of Placer, pursuant to California Code of Civil Procedure section 1094.5. Plaintiff's Petition asks the Superior Court to set aside his termination and to order his reinstatement. The Petition also seeks back pay with interest from October 12, 2004, attorney fees and costs, and punitive damages against the City, Mr. Urrutia and Police Chief Mark

recording artists asserted copyright claims against record companies, and thus were properly considered on a motion to dismiss for failure to state a claim, where the complaint made references to the contracts); "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); see *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the district properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on conditions described in the documents, and plaintiff never disputed their authenticity); see also *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper article containing allegedly defamatory statement under the "incorporation by reference" doctrine where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the pleadings, and plaintiff did not contest its authenticity).

Here, Plaintiff makes reference to the arbitration proceeding throughout the Complaint. **(See Complaint, ¶¶ 44 ["arbitration" and "termination proceeding"], 45 ["evidentiary hearing"], 46 ["hearing"], 58 ["administrative procedure"], 74 ["administrative procedure"] and 143 ["proceeding"].)**

Kronick,
Moskovitz,
Tiedemann &
Girard
Attorneys At Law

DOCS 855728.1 9959.012                                    - 4 -                                    2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1  Siemens, who are named as respondents.  **(Petition, ¶¶ 3-6; Petition, "Prayer," p. 4.)**

2          The Petition alleges Plaintiff's termination is not supported by the arbitrator's

3  findings, and the findings "are not supported by the evidence in light of the whole record."

4  **(Petition, ¶¶ 21-22.)**  The Petition also alleges that the City violated state and federal laws,

5  including his "First Amendment right of free speech, in that Petitioner was terminated for reasons

6  that infringed upon his constitutional and statutory rights."  **(Petition, ¶ 23.)**  The Petition also

7  alleges the City "fail[ed] to provide Petitioner with procedural due process."  **(Petition, ¶ 24.)**

8  The Petition further alleges that the City violated the California Public Safety Officers'

9  procedural Bill of Rights Act (Cal. Govt. Code §§ 3300 *et seq.*).  **(Petition, ¶ 25.)**

10          Since filing the Petition, Plaintiff has not requested a hearing or filed any other

11  papers in the state court proceeding.  Plaintiff's counsel of record, David Garcia, informed the

12  City's counsel of record that no further work was contemplated in support of the Petition.

13  **(Declaration of Bruce A. Scheidt, ¶ 4.)**

14  **D.**        **<u>After filing his Petition in state court, Plaintiff filed this Complaint to set</u>**

15  **<u>aside his termination and award him back pay, compensatory damages, punitive damages and his attorney fees for violation of state and federal laws.</u>**

16          Plaintiff filed this Complaint for Damages and Injunctive Relief ("Complaint") on

17  or about February 16, 2007.  All of the claims arise out of Plaintiff's termination of employment

18  by the City.  As in the Petition, the Complaint seeks reinstatement of Plaintiff to his position as

19  police sergeant, back pay with interest, attorney fees and costs, and punitive damages.

20  **(Complaint, pp. 34-35.)**  As in the Petition, this Complaint names the City, Mr. Urrutia and

21  Chief Siemens as defendants.  **(Complaint, ¶¶ 6-12.)**

22          **1.**        **<u>Plaintiff's allegations that he was wrongfully terminated and that he</u>**

23  **<u>could not be disciplined because his speech was protected by the First Amendment were previously adjudicated by the arbitrator and is</u>**

24  **<u>alleged in his Petition in state court.</u>**

25          The Complaint alleges the City terminated Plaintiff in connection with six separate

26  incidents of disobedience, insubordination, wrongful exercise of authority for malicious purpose,

27  and/or subverting the good order of the police department.  **(Complaint, ¶ 72(a)-(f).)**  The

28  Complaint  alleges the City's charges against Plaintiff "lacked a factual basis."  **(Complaint, ¶**

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                                    - 5 -                                    2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1    **71.)**

2    The Complaint also alleges that "[e]ach of the allegations of wrongdoing related to

3    plaintiff having exercised his rights of speech and association, his rights to complain[] of

4    violations of the law." **(Complaint, ¶ 73.)** The Complaint further alleges that Mr. Urrutia, and

5    Police Chief Siemens "used the administrative procedure in order to punish Plaintiff for having

6    exercised his First Amendment rights to freedom of speech and association and did so in a[]

7    manner to effect punishment for his having followed the law of [] California and the United

8    States." **(Complaint, ¶ 74.)**

9    Plaintiff's allegedly wrongful termination and the City's alleged violation of his

10   First Amendment rights to free speech and association are pleaded as factual predicates in support

11   of four causes of action alleging a violation of the federal civil rights statute (42 U.S.C. § 1983),

12   and one cause of action alleging a violation of California's so-called whistleblower statute (Cal.

13   Lab. Code § 1102.5. **(See Complaint, pp. 25-32, ¶¶ 80-138.)**

14   These allegations were argued by Plaintiff and adjudicated in his administrative

15   hearing before the arbitrator, and are set forth in his Petition. Plaintiff argued at his arbitration

16   that he "may not be disciplined for his comments about the Department's leadership because

17   these comments were ***matters of public concern and thus protected as an exercise of his First***

18   ***Amendment right to free speech***." (Emphasis added.) **(Arbitration Decision, p. 26.)**

19   Mr. Riker's arbitration decision rejected Eaton's First Amendment claim: "Eaton's First

20   Amendment rights were not violated. He just failed to properly exercise them." **(Arbitration**

21   **Decision, p. 46.)**

22   In his Petition, Plaintiff alleges the defendants violated his "First Amendment right

23   of free speech, in that Petitioner was terminated for reasons that infringed upon his constitutional

24   and statutory rights." **(Petition, ¶ 23.)**

25        2.    **Plaintiff's allegation that the City's use of General Order 3 violated his**
          **procedural rights was previously adjudicated in his administrative**
26        **proceeding and is alleged in his Petition in state court.**

27   The Complaint alleges Chief Siemens committed "perjury" and offered a "forged"

28   General Order 3 into evidenced at the arbitration hearing to establish Plaintiff violated a general

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                        - 6 -                        2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

order that did not exist at the time of the alleged violations. **(Complaint, ¶¶ 44-46.)** Chief Siemens' alleged perjury and forgery are pleaded in support of a sixth cause of action alleging Plaintiff's rights were violated under California's Peace Officer's Procedural Bill of Rights (Cal. Govt. Code § 3300, *et seq*.).

These issues were raised in the City's administrative proceedings. During the arbitration hearing Plaintiff argued a procedural defense concerning the City's use of General Order 3 as a basis for his termination for insubordination. The arbitrator expressly invited Plaintiff to argue the issue. **(See Arbitration Transcript, Vol. II, pp. 299:23-301:12, 380:8-387:10, attached to Defendants' Request for Judicial Notice, ¶ 4; also attached to Scheidt Decl., ¶ 3.)** Plaintiff's counsel cross-examined Chief Siemens about the Police Department's business practices for introduction and posting of new general orders at the City's administrative hearing before Mr. Riker. After hearing Chief Siemens's testimony, the arbitrator ruled against Plaintiff's objection to the introduction of General Order 3. "I will overrule your objection, accept [Exhibit M, i.e., General Order 3] into the record with the proviso that the arbitrator is going to review the charges based on the violations. If there is a difference between wording in [Exhibits] 36 and M, the parties can brief that." **(Arbitration Transcript, Vol. II, p. 387:1-6.)**

The arbitrator's decision reviewed Plaintiff's procedural rights under state law and the City's rules and procedures, finding the City fully complied with Plaintiff's procedural rights.

> There is no question that there has been a full and fair investigation, with an extensive review process affording Eaton all the protections which he and every other member of the Police Department is entitled to receive. Namely, the City has the burden to prove its case to the satisfaction of the arbitrator: that the Grievant has been afforded the protective rights consistent with the Police Officers Bill of Rights; that the City's Rules and Procedures for the processing of his appeal and his rights as an employee have been complied with, and that the rights and protection afforded him as a bargaining unit member are consistent with and not in violation of the terms and conditions of the Collective Bargaining Agreement.
>
> The matter before the arbitrator for a complete and full review consists of a recording of seven days of hearing totaling more than 1300 pages of testimony, including more than 100 exhibits submitted and moved in the record. This evidentiary hearing was in accordance with the American Arbitration Association's Voluntary Arbitration Rules. In addition, the parties elected to submit post-hearing and reply briefs offering the arbitrator approximately 150

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                                                    - 7 -                                   2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

pages of argument in support of their respective positions along with numerous citations of authority to accommodate the briefs. All in all, it is a most thorough and complete record that an employee of any jurisdiction would be afforded whether working for a public or private employer. The process of the de novo review is to consider the findings and recommendations of the Internal Affairs Investigation and subsequent action taken by the Chief of Police.

**(Arbitration Decision, pp. 33-34.)**

In his Petition, Plaintiff repeats his contention that the City introduced a new version of the Police Department's General Order 3 at the administrative hearing on July 21, 2005, but did not provide him with a copy of this new version prior to the hearing. **(Petition, ¶ 15.)** As in the Complaint, the Petition alleges the City violated Plaintiff's rights under the Public Safety Officers' Procedural Bill of Rights Act (Cal. Govt. Code § 3300, *et seq.*). **(Petition, ¶ 25.)**

## III.

## LEGAL ARGUMENT

A.          **This Complaint is barred by doctrine of *res judicata* if Plaintiff has abandoned his Petition in state court.**

The City's administrative decision resulting in Plaintiff's termination is entitled to preclusive effect and bars this action if Plaintiff has abandoned his Petition, which raised the same legal and factual issues as this lawsuit.[4]

In order for issue preclusion to bar the subsequent federal action, three requirements must be met:  "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 747 (9th Cir. 2006).

The first element of issue preclusion is met because Plaintiff raised very similar if

---

[4]      The affirmative defense of *res judicata* may be raised in a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6).  *Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984).  A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which *res judicata* applies. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002), citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, n. 3 (1981).[4]

1    not identical federal and state law damage claims and defenses to his termination in both the

2    administrative proceedings and in this lawsuit.  As set forth above, Plaintiff's allegations that he

3    was wrongfully terminated, that he could not be disciplined because his speech was protected by

4    the First Amendment, and that the City's use of General Order 3 violated his procedural rights

5    were previously adjudicated in his administrative proceeding and are raised again in his Petition

6    in state court.

7            The second element of issue preclusion is met because the administrative writ procedures

8    control a public employee's appeal of an agency's administrative determination of termination of

9    employment under state law.  *Johnson v. Loma Linda*, 24 Cal.4th 61, 69-71 (2000) (precluding

10   terminated city employee's state court action for discrimination under FEHA because the

11   employee did not exhaust her judicial remedies by timely filing a petition for writ of

12   administrative mandate challenging the city personnel board's decision to uphold her

13   termination).  If Plaintiff has abandoned his state court appeal of the City's administrative

14   determination to terminate him, he needs to say in his response to this motion.  As set forth above,

15   Plaintiff has done nothing in a year to file an administrative record  for state court review or

16   schedule a state court hearing date in his writ proceeding.  The evidence leads to only one

17   reasonable conclusion: Plaintiff has abandoned his Petition in favor of a second lawsuit, this time

18   in federal court.

19            Clearly the third element of issue preclusion is also met as Plaintiff, the party

20   against whom issue preclusion will be asserted, was a party to the arbitration proceeding, and is a

21   party to the Petition and the Complaint.

22            In *University of Tennessee v. Elliott*, 478 U.S. 788, 797 (1986), the Supreme Court

23   held that issue preclusion applies to state administrative fact-finding where the administrative

24   body was "acting in a judicial capacity and resolved disputed issues of fact properly before it

25   which the parties have had an adequate opportunity to litigate." *Id.* at 798.  In *Elliott*, plaintiff

26   alleged that his discharge was racially motivated.  He requested an administrative law judge under

27   the Tennessee Uniform Administrative Procedures and also filed suit in federal court alleging

28   Title VII and 1983 causes of action.  *Id.* 790-791.  The state administrative hearing ALJ denied

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                          - 9 -                     2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1    plaintiff's request for relief, finding that the charges were not racially motivated, and the

2    administrative appeal to the University Vice President affirmed the decision. *Id.* 791-792. Rather

3    than appeal to the state courts, plaintiff returned to his pending 1983 action to air his complaints.

4    *Id.* at 792. The Supreme Court held that while plaintiff's Title VII charge was not barred by the

5    concluded administrative proceedings, his 1983 action was barred by common law principles of

6    issue preclusion. *Id.* at 799.

7           The Ninth Circuit, following *Elliott*, held that "the federal common law rule of

8    preclusion described in *Elliott* extend to state administrative adjudications of legal as well as

9    factual issues, ***even if unreviewed***, so long as the state proceeding satisfies the requirements of

10   fairness outlined in *United States v. Utah Construction & Mining Co.*" (Emphasis added.) *Miller*

11   *v. County of Santa Cruz*, 39 F.3d 1030, 1032-33 (9th Cir. 1994).

12          In *Miller*, the Ninth Circuit applied issue preclusion to bar a sheriff's officer's

13   1983 action in federal court because the sheriff's officer failed to seek administrative mandamus

14   review under California Code of Civil Procedure section 1094.5 and 1094.6. The Ninth Circuit

15   found the Santa Cruz County Civil Service Commission acted in a judicial capacity where it held

16   an evidentiary hearing at which the terminated employee of the sheriff's office was represented

17   by counsel and was permitted to present oral and documentary evidence and to call witnesses.

18   *Miller*, 39 F.3d at 1032, 1033. The Ninth Circuit reasoned that "California has made it quite clear

19   that a discharged civil servant who elects an administrative forum for review of his or her

20   termination must succeed in overturning that administrative decision through the judicial

21   mandamus review procedure prior to filing a suit for damages on claims arising out of the

22   termination." *Id.* at 1038. The Ninth Circuit concluded that "so long as the minimum criteria for

23   *Utah Construction* are met, we will defer to the considered judgment of the courts of California

24   that an unreviewed agency determination, such as that involved here, is the equivalent of a state

25   court judgment entitled to res judicata and collateral estoppel effect." *Id.*

26          Plaintiff cannot deny the City's administrative determination resulting in his

27   termination was an adjudicatory or quasi-judicial decision in which disputed facts were properly

28   resolved by an arbitrator and City Manager who had authority to act under the Plaintiff's MOU,

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012          - 10 -         2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1  and that the Plaintiff had a fair and adequate opportunity to litigate and ultimately appeal the

2  administrative determination to a state court under California Code of Civil Procedure section

3  1094.5. See *JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th

4  1046, 1057, n. 9 (a petition for writ of mandate reviews a "public agency decision[]" which "must

5  have resulted from a proceeding in which a hearing is required, evidence is taken, and discretion

6  in the determination of facts is given to the agency.").

7        Plaintiff's verified Petition for Writ of Mandate was expressly filed under

8  California Code of Civil Procedure section 1094.5. The Petition admits that Plaintiff "made

9  written application for an evidentiary hearing" to appeal his termination pursuant to the MOU by

10  and between the City and the Rocklin Police Officers Association. **(Petition, ¶ 12.)** Plaintiff

11  further admits "the arbitrator held an evidentiary hearing at which both CITY and EATON

12  presented witnesses and documentary evidence related to EATON's appeal from dismissal."

13  **(Petition, ¶ 14.)** Plaintiff further admits the arbitrator issued an "Advisory Decision" on January

14  9, 2006, upholding Eaton's termination, and "[p]ursuant to the MOU, the Arbitrator forwarded his

15  recommendation to URRUTIA for a final decision." **(Petition, ¶ 16.)** Plaintiff further admits

16  that on January 11, 2006, Urrutia issued a "Final Decision terminating EATON from CITY

17  employment." **(Petition, ¶ 17.)**

18        Plaintiff's constitutional claims were expressly argued by the parties and ruled

19  upon by the arbitrator. Plaintiff's claims were ultimately rejected and his termination was upheld.

20  Thus, like *Elliott* and *Miller*, the administrative decision resulting in Plaintiff's termination should

21  be given preclusive effect if not appealed through a writ of administrative mandamus proceeding

22  in state court.

23  **B.**      **Alternatively, Plaintiff's claims for injunctive relief should be dismissed and**

24  **his action for damages stayed under the *Younger* abstention doctrine if Plaintiff contends his Petition has not been abandoned.**

25        The *Younger* abstention doctrine is based on two policies: (1) the constraints of

26  equity jurisdiction (*i.e.*, prevention of erosion of the role of the jury and duplication of legal

27  proceedings when a single suit would be adequate to protect the rights asserted); and (2) the

28  principles of comity (*i.e.*, to insure that the national government protects federal rights and

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012      - 11 -      2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1    interests in a way that will not unduly interfere with the legitimate activities of the state).

2    *Younger v. Harris*, 401 U.S. 37, 43-44 (1970).

3          *Younger* abstention has been extended to those seeking to enjoin state civil

4    proceedings, state administrative proceedings, and federal cases seeking declaratory relief and/or

5    money damages. *See Samuels v. Mackell*, 401 U.S. 66 (1971) (applying *Younger* abstention to

6    dismiss federal action for declaration that state statute, under which plaintiff was being

7    prosecuted, was unconstitutional); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*,

8    477 U.S. 619, 627 (1986) ("We have applied the *Younger* principle to civil proceedings in which

9    important state interest are involved.");[5] *id.* (applying *Younger* to require district court to abstain

10    from exercise of jurisdiction in state administrative proceeding charging religious school with

11    violation of state anti-gender discrimination law)[6]; *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th

12    Cir. 2004) (applying *Younger* to require a stay of a 1983 action for damages, stating that

13    "[d]amages suits that turn on a constitutional challenge to pending state proceedings implicate the

14    reasons for *Younger* abstention as much as equitable or declaratory relief actions because to

15    determine whether the federal plaintiff is entitled to damages-and to determine whether the

16    federal defendant is entitled to immunity-the district court must first decide whether a

17    constitutional violation has occurred").

18          *Younger* abstention in favor of the state civil proceeding is appropriate when: "(1)

19    the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3)

20    the state proceedings provide an adequate opportunity to raise federal questions." *Beltran v.*

21    *California*, 871 F.2d 777, 781 (9th Cir. 1989) (citing *Ohio Civil Rights Comm'n v. Dayton*

22    *Schools*, 477 U.S. 619).[7]

---

23    [5]    *Ohio Civil Rights Comm'n*, 477 U.S. 619, 627, involved a religious school who had terminated a
24    female teacher who became pregnant teacher because of the school's religious belief that mothers should
      be at home with their preschool children. *Id.* at 623. The teacher filed a complaint with the Ohio Civil
      Rights Commission under the state's sex discrimination laws. The school filed a 1983 action to enjoin the
25    administrative proceedings. The district court dismissed the complaint based on *Younger*. *Id.* at 628-629.

26    [6]    *Younger* abstention applies to administrative proceedings that are "judicial in nature" *Ohio Civil
      *Rights Comm'n*, 477 U.S. at 627.

27

28    [7]    *Beltran* involved farm workers who had crossed a picket line. When the strike ended the crossing
      workers were discharged from their union. *Id.* at 779-780. The workers were subsequently terminated

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                                     - 12 -                          2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1    Here, the writ of mandate proceeding filed in Placer County Superior Court has

2    been pending since April 10, 2006, satisfying the first prong of the test. *Beltran*, 871 F.2d at 781-

3    782 (finding that plaintiff's appeal of an ALRB decision in state appellate court constituted an

4    ongoing state proceeding).

5    The state mandate proceeding implicates important state interests, satisfying the

6    second prong of the *Younger* test. In Plaintiff's arbitration proceedings, Mr. Riker found, "A

7    police department must be capable of effectively functioning across a broad spectrum of missions

8    within a community, many of which are extremely hazardous. … Any dissention or disruptive

9    behavior within a police organization must be controlled so that it does not degrade the

10   cohesiveness and close but professional relationships." **(Arbitration Decision pp. 43-44.)** The

11   Ninth Circuit confirms that police disciplinary procedures are "important state interests" within

12   the meaning of the *Younger* test, especially when established pursuant to collective bargaining.

13   *Beltran v. California*, 871 F.2d at 783 ("California's interest in ensuring peaceful collective

14   bargaining … is entitled to the same respect and recognition as a state's interest in promoting fair

15   employment practices, teacher discipline, and ***police integrity*** [which have been held substantial

16   within the meaning of *Younger*].").  (Emphasis added.)

17   For example, in *Dowden v. City of Sacramento*, 40 F.Supp.2d 1146 (E.D. Cal.

18   1999) (decision by Levi, D.J.), this court confronted a case very similar to that here. In *Dowden*,

19   plaintiff brought a 1983 action challenging the disciplinary action taken against him by the

20   Sacramento Police Department. Plaintiff had been disciplined for failing to follow orders,

21   making misrepresentations to internal affairs officers, and making inappropriate remarks to other

22   officers during roll call. *Dowden v. City of Sacramento*, 40 F.Supp.2d 1146, 1148 (E.D. Cal.

23   1999).

---

24   because they were not members of the union. *Id.* The workers filed an action with the ALRB alleging
unfair labor practices because the collective bargaining agreement required membership in the union and

25   allowed discharge for reasons other than failing to pay dues. The workers also sought to have Labor Code
section 1153(c) (allowing collective bargaining agreement to require union membership as condition of

26   employment) declared unconstitutional in a state court action. In the midst of these state proceedings, the
workers filed suit in federal court seeking a declaratory judgment on their constitutional claims. *Id.* at 781.

27   The district court refused to abstain and granted the workers summary judgment on their claims. *Id.* The
Ninth Circuit reversed, finding the requirements for *Younger* abstention were met and remanded to the

28   district court with instructions to dismiss the case. *Id.* 783.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012                    - 13 -                    2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

In *Dowden*, the plaintiff's 1983 action sought money damages as well as an injunction against the department asking that he be reinstated to his former position and enjoining the department from further retaliation based on his exercise of free speech.  Judge Levi dismissed plaintiff's claims for injunctive relief[8] and stayed his request for damages case based upon *Younger* abstention.  Judge Levi noted that the plaintiff's appeal was pending in the Civil Service Board and deemed such appeal an "ongoing state proceeding" within the meaning of the first prong of the *Younger* test.  Moreover, Judge Levi found disciplinary proceedings of police officers and important state interest under *Younger*, stating that  "California has a strong interest in both the conduct of its peace officers and the disciplinary scheme it has established to address officer misconduct.."  *Id.* at 1149.  Finally, Judge Levi found that plaintiff had an adequate opportunity to litigate his constitutional claims in the state proceeding because "a state administrative scheme fails to provide adequate opportunity to present federal claims 'only when procedural laws bar presentation of the claims.'"  *Id.*  (quoting *Dubinka v. Judges of Superior Court, County of Los Angeles*, 23 F.3d 219 (9th Cir. 1994).  Because the rules for the Civil Service Board did "not preclude Dowden from asserting constitutional defenses, and California law suggest[ed] that civil service boards routinely consider First Amendment defenses to adverse employment actions," Judge Levi found that there was adequate opportunity to litigate.  *Id.*

Here, the case for *Younger* abstention is even stronger than in *Dowden*.  The pending state writ of mandate proceeding is clearly "judicial in nature."  Moreover, at both the arbitration and in the petition for administrative writ of mandate, Plaintiff ***has*** taken advantage of his opportunity to argue constitutional defenses and damage claims.  Finally, the police disciplinary proceedings at issue are sufficiently important state interests under *Younger* to merit abstention.

Thus, like *Dowden*, Plaintiff's claims for injunctive relief should be dismissed and his action for damages stayed under the principles of *Younger* abstention, should the Plaintiff

---

[8]    In dismissing plaintiff's claims for injunctive relief, Judge Levi noted that even though the injunction was sought against the department and not against the state proceeding itself, "the distinction drawn by [plaintiff] … is not persuasive.  As a practical matter, the injunction sought by [plaintiff] would halt the proceedings before the Board, since it would compel the Department to give him the reinstatement he seeks in his administrative appeal."  *Dowden*, 40 F.Supp.2d. at 1150.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW
DOCS 855728.1 9959.012                    - 14 -                    2:07-cv-00315-FCD-KJM
MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

1  contend he has not abandoned his Petition.

2  **C.**          **Alternatively, Plaintiff's claims for injunctive relief should be dismissed and**
3                  **his action for damages stayed under the _Burford_ abstention doctrine if**
                   **Plaintiff contends his Petition has not been abandoned.**

4              _Burford_ abstention arises from the Supreme Court's holding in _Burford v. Sun Oil_

5  _Co._, 319 U.S. 315 (1943), where the Court held that it was proper for a federal court to abstain

6  from exercising jurisdiction when presented with an important and intricate state regulatory

7  scheme for which the state has specialized knowledge.  The _Burford_ abstention doctrine requires

8  that "[w]here adequate state court review is available, a federal court sitting in equity must

9  decline to interfere with the proceedings or orders of state administrative agencies:  (1) when

10  there are difficult questions of state law bearing on policy problems of substantial public import

11  whose importance transcends the result in the case then at bar; or (2) where the exercise of federal

12  review of the question in a case and in similar cases would be disruptive of state efforts to

13  establish a coherent policy with respect to a matter of substantial public concern." _New Orleans_

14  _Public Service, Inc., v. New Orleans_, 491 U.S. 350 (1989) (internal quotations omitted).

15              A more recent Ninth Circuit case describes the _Burford_ test as follows:

16              _Burford_ allows the courts to "decline to rule on an essentially local
               issue arising out of a complicated regulatory scheme."  Its
17              application requires first, that the state has chosen to concentrate
               suits challenging the actions of the agency involved in a particular
18              court; second, that federal issues could not be separated easily from
               complex state law issues with respect to which state courts have
19              special competence; and third, that federal review might disrupt
               state efforts to establish a coherent policy.
20

21  _United States v. Morros_, 268 F.3d 695, 705 (9th Cir. 2001).

22              Here, these criteria are met.  As set forth above with respect to _Younger_ abstention,

23  states have a particularly important interest in police disciplinary proceedings, which often are

24  intertwined with federal constitutional claims.

25              California state law _requires_ a petition for writ of mandate shall be filed with the

26  superior court to challenge the city's administrative proceeding leading to a public employee's

27  termination.  See _Johnson v. Loma Linda_, 24 Cal.4th at 69-71.  California state courts will not hear

28  any other action unless the judicial remedy provided by the writ of mandate proceeding under

state law is exhausted.  *Id.*  Premature federal review before a state court has completed its review of a public agency's administrative determination of the fitness of a police officer's continued employment would disrupt the state's complicated regulatory scheme to maintain a cohesive and efficient police force.

Administrative proceedings concerning police officer discipline, as determined here by Plaintiff's MOU, are the type of complicated process not easily separated from Plaintiff's Equal Protection, Due Process, and First Amendment claims.  **(See Complaint at ¶¶ 81-89, 90-99, & 100-114; see also Petition ¶¶ 23-27; see also Arbitration Decision pp. 33-34, 45-46.)**

**IV.**

**<u>CONCLUSION</u>**

Plaintiff's claims for injunctive relief and damages are based on the same factual contentions and legal issues that he raised before arbitrator William Riker in a full and complete evidentiary hearing, adopted by City Manager Carlos Urrutia, and alleged in his Petition in state court.  Accordingly, this action should be dismissed under the doctrine of *res judicata* if Plaintiff has abandoned his Petition.  At a minimum, his claims for injunctive relief should be dismissed and his damages claims stayed pending final resolution of whatever state court proceeding remains at issue.

Dated: April 10, 2007

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation


By:   /s/ Bruce A. Scheidt
  Bruce A. Scheidt
  Attorneys for Defendants
  MARK J. SIEMENS, CARLOS A. URRUTIA, and
  CITY OF ROCKLIN

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012  - 16 -  2:07-cv-00315-FCD-KJM

MPA IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND, ALTERNATIVELY, TO STAY

**PROOF OF SERVICE**

I, Bao Xiong, declare:

I am a citizen of the United States and employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 400 Capitol Mall, 27th Floor, Sacramento, California  95814.  On April 10, 2007, I served a copy of the within document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)] AND, ALTERNATIVELY, TO STAY PENDING RESOLUTION OF PRIOR STATE COURT ACTION [ABSENTION DOCTRINE]**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☒  by causing personal delivering of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Mary-Alice Coleman
Law Office of Mary-Alice Coleman
One Capitol Mall, Suite 700
Sacramento, CA  95814
Fax: (916) 304-0880

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DOCS 855728.1 9959.012

- 1 -

2:07-cv-00315-FCD-KJM

PROOF OF SERVICE

1    I declare that I am employed in the office of a member of the bar of this court at whose

2   direction the service was made.

3        Executed on April 10, 2007, at Sacramento, California.

4

5

6                                              /s/ Bao Xiong
                                               Bao Xiong

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW          DOCS 855728.1 9959.012                    - 2 -

                                                   PROOF OF SERVICE