UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICK EATON,

Plaintiff,

v.

MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,

Defendants.

NO. CIV. S-07-315 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on a motion brought by defendants City of Rocklin (the "City"), Mark J. Siemens ("Siemens"), Chief of Police, and Carlos A. Urrutia ("Urrutia"), City Manager (collectively, "defendants") to dismiss plaintiff Rick Eaton's ("plaintiff") complaint on the ground said complaint is barred by the doctrine of res judicata, or alternatively, to stay the action pending resolution of a prior state court action

///

filed by plaintiff.[1] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(b).[2] The court does not consider herein defendants' alternative motion to stay the action, pursuant to the "Younger" abstention doctrine,[3] because plaintiff has dismissed the subject state court action. (Pl.'s Decl., filed April 26, 2007, ¶s 10-11.) Defendants concede that upon that dismissal the issue of Younger-abstention became moot. (Defs.' Reply, filed May 4, 2007, at 10 n. 5.) The court also does not consider herein defendants' argument for a stay pursuant to "Burford"-abstention, as the court finds that abstention doctrine wholly inapplicable

///

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground the complaint fails to state a claim upon which relief can be granted because plaintiff is barred from relitigating claims which were or could have been heard in the administrative proceeding in which plaintiff challenged his termination. Scott v. Kuhlman, 746 F.2d 1377, 1378 (9th Cir. 1984) (recognizing that the affirmative defense of res judicata may be raised by a motion to dismiss under Rule 12(b)(6)). As to their alternative request for a stay of the instant action, defendants move for relief pursuant to Federal Rule of Civil Procedure 12(b), generally. The Ninth Circuit has recognized the propriety of raising abstention doctrines as non-enumerated Rule 12(b) motions. Ritza Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). Unlike motions under Rule 12(b)(6), in ruling on an un-enumerated Rule 12(b) motion, the court may look beyond the pleadings and decide disputed issues of fact. Id.

[3] The Younger abstention doctrine derives from the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 43-44 (1970). There, the Court held that a federal court should abstain from hearing a constitutional challenge to an ongoing criminal prosecution. Younger has been subsequently extended to support abstention in federal *civil* cases where ongoing state (civil or administrative) matters are pending. See e.g. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 627 (1986); Gilbertson v. Albright, 381 F.3d 965, 979 (9th Cir. 2004).

to the instant case.[4] Therefore, the only issue for the court's determination is whether plaintiff's complaint is barred by the doctrine of res judicata.

For the reasons set forth below, the court finds that this action is not precluded. The underlying administrative proceeding was not of a judicial nature, in that the arbitrator was not empowered to adjudicate the rights of the parties before him, but rather, he offered only an advisory decision designed to assist the City Manager make *his* decision as to the propriety of plaintiff's termination. As such, the requirements for claim preclusion are not met, and defendants' motion to dismiss is therefore DENIED.

///

///

///

///

///

///

///

---

[4] Burford-abstention derives from the United States Supreme Court's decision in Burford v. Sun Oil Co., 319 U.S. 315 (1943). While the scope of Burford-abstention remained unclear for many years, in New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989), the Court clarified that there are only two circumstances under which Burford-abstention is appropriate: (1) when state administrative orders or proceedings involved "difficult issues of state law bearing on policy problems of substantial public import whose importance transcends the case at bar," or when federal review of such orders or proceedings "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Id. at 361 (internal quotations and citation omitted). Such circumstances simply are not present in this case. Indeed, defendants cite no factually similar case where Burford-abstention has been applied.

**BACKGROUND**[5]

On November 1, 2004, Urrutia, the City Manager for the City of Rocklin, issued plaintiff a Notice of Termination dismissing him from employment as a police sergeant for the City. Plaintiff thereafter made a timely written application for an evidentiary hearing to challenge the termination of his employment, pursuant to the MOU. Under the terms of the MOU, plaintiff and the City agreed on the selection of arbitrator William Riker to hold a fact-finding administrative hearing as to whether there was good cause to support the City's termination of plaintiff's employment.

The MOU provided under the section entitled "Advisory Arbitration," the following:

> The arbitrator shall conduct an evidentiary hearing in accordance with the American Arbitration Association Voluntary Arbitration Rules. The decision of the arbitrator shall be advisory only.
>
> The arbitrator shall prepare a written advisory decision which shall include a statement of decision, the facts upon which it was based, and a full description of the remedies or corrections suggested. The arbitrator's decision shall be sealed and filed with the City Manager. The City Manager may accept the advisory decision and order its implementation, may modify and implement the decision and any remedies or corrections suggested, or may reject the decision. The City Manager will provide a copy of the arbitrator's decision to the appealing party with the City

---

[5] The following statement of facts is drawn from plaintiff's complaint in this action, filed February 16, 2007, and other materials of which the court takes judicial notice, including plaintiff's Verified Petition for Writ of Mandate, filed in the Superior Court of California, County of Placer, the arbitrator's written decision, Urrutia's termination letter, and the Memorandum of Understanding between the City and the Rocklin Police Officers Association (of which plaintiff was a member), pursuant to their collective bargaining agreement ("MOU"). (<u>See infra</u> n. 8.)

> Manager's decision within ten (10) days of receipt of the arbitrator's decision.

(Pl.'s Decl., Ex. 3 at 30-31.)

An evidentiary hearing was held before Mr. Riker on July 20-22, August 10-12 and 31, 2005, during which plaintiff, who was represented by counsel, presented witnesses and documentary evidence.

On January 9, 2006, Mr. Riker issued his arbitration decision, recommending to Urrutia that the City's termination of plaintiff "for cause be sustained and the grievance/appeal denied." Mr. Riker found the evidence established the six grounds for termination, including incidents of disobedience, insubordination, wrongful exercise of authority for malicious purpose, and/or subverting the good order of the police department, set forth in the City's Notice of Termination. He concluded:

> As noted, the preponderance of the evidence indicates that Eaton did commit the acts outlined in the six charges. These actions also impacted a wide number of officers within the Department who were aware of his behavior. It is also credible that he did negatively impact the good order and efficiency of the organization. If he were allowed to remain as a police officer with the City of Rocklin, then his behavior would serve as a benchmark against future violations of such insubordinate and disruptive nature. It is a recommendation that frankly would be inconsistent with the findings.

(Defs.' RJN, filed April 10, 2007, Ex. 2 at 48-49.) In so ruling, Mr. Riker also rejected plaintiff's First Amendment free

///

///

///

///

speech defense[6] and found that there were no procedural defects[7] under California's Public Safety Officers' Procedural Bill of Rights Act ("POPBRA").

On January 11, 2006, Urrutia, as City Manager, informed plaintiff in a letter, captioned "RE: Advisory Arbitration – Decision and Recommendation," that "[he] accept[ed] the advisory decision [of the arbitrator] and sustain[ed] the termination of [plaintiff's] employment with the City of Rocklin." Urrutia enclosed with the letter a copy of Mr. Riker's "advisory award," which provided that "the Arbitrator's recommendation to the City Manager is that the Department's decision to terminate [plaintiff] for cause be sustained and the grievance/appeal be denied." (Defs.' RJN, Ex. 3.)

On January 26, 2006, Urrutia sent plaintiff a letter informing him that his termination was governed by California Code of Civil Procedure section 1094.5, and that plaintiff had 90 days within which to seek judicial review of the decision. (Ex. A to Urrutia Reply Decl., filed May 4, 2007.)

Pursuant to Section 1094.5, plaintiff filed a Petition for Writ of Mandate ("Petition") on April 10, 2006, in the Superior Court of California, County of Placer. Plaintiff's Petition asks

---

[6] Plaintiff argued he could not be disciplined or terminated in retaliation for speaking out against the police department because his comments raised issues of a public concern which were protected by the First Amendment.

[7] Plaintiff argued Siemens committed perjury and offered a forged "General Order 3" into evidence at the arbitration hearing to establish plaintiff violated a general order that did not exist at the time of the alleged violation. Mr. Riker overruled plaintiff's objection to the General Order and admitted the order into evidence.

the superior court to set aside his termination and to order his reinstatement. The Petition also seeks back pay with interest, attorney fees and costs, and punitive damages against the City, Urrutia and Siemens, who are named as respondents. The Petition alleges plaintiff's termination is not supported by the arbitrator's findings, and the findings are not supported by the evidence in light of the entire record. The Petition also alleges that in terminating plaintiff's employment, the City violated plaintiff's constitutional free speech and procedural due process rights as well as his rights under state law under POPBRA.

On February 16, 2007, plaintiff filed the instant action in this court against the same defendants, seeking as in the Petition, reinstatement to his position as police sergeant, back pay with interest, attorneys fees and costs and punitive damages. Plaintiff alleges claims against defendants for violation of plaintiff's constitutional rights (free speech, procedural and substantive due process and equal protection) pursuant to 42 U.S.C. section 1983 and for violation of plaintiff's rights pursuant to California's "whistleblower" statute, California Labor Code section 1102.5, and POPBRA, California Government Code section 3309.5(e).

On April 26, 2007, plaintiff dismissed his Petition in the superior court.

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of

every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.[8] Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988). In addition, when a plaintiff fails to introduce a

---

[8] Defendants' Request for Judicial Notice (Docket #11) is GRANTED. The court may properly take judicial notice of matters of public record, such as pleadings in another action and records and reports of administrative bodies pursuant to Federal Rule of Evidence 201. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988). In his opposition papers, plaintiff attaches as exhibits to his declaration the MOU controlling the terms and conditions of his employment with the City at the time of his termination as well as a prior MOU in effect during his employment with the City. Plaintiff did not move the court to take judicial notice of these documents. However, said documents are properly considered by the court under Rule of Evidence 201 as they are materials "whose accuracy can be readily determined by resort to sources which cannot reasonably be questioned," and the court may take judicial notice of facts even when not requested to do so by a party. Fed. R. Evid. 201(b), ©. Plaintiff's declaration, on the other hand, is not properly considered by the court on a motion to dismiss pursuant to Rule 12(b)(6), and its contents will be disregarded for those purposes.

pertinent document as part of his pleading, the defendants may introduce the exhibit as part of his motion attacking the pleading. Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").[9]

**ANALYSIS**

Defendants move to dismiss plaintiff's complaint on the ground the City's administrative decision resulting in plaintiff's termination bars this action, which either raises the same factual and legal issues presented in the arbitration proceeding or issues which could have been raised in that proceeding.

Title 28 U.S.C. section 1738 requires federal courts to give the same preclusive effect to state court judgments as they would be given in the state in which they are rendered. Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). Section 1738 does not govern cases involving unreviewed decisions of a state administrative hearing board or commission. University of Tennessee v. Elliott, 478 U.S. 788, 794 (1986). However, as a matter of federal common law, federal courts give preclusive effect to the findings of state administrative

---

[9] Here, throughout his complaint, plaintiff makes reference to the arbitration proceeding; accordingly, documents pertaining to that proceeding, such as the arbitrator's written decision, the transcripts of the proceeding, and Urrutia's termination letter accepting the arbitrator's recommendation are properly considered on this motion to dismiss. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Plaintiff does not object to the court's consideration of these documents.

tribunals in later actions under Section 1983. Id. at 797-99.

In Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994), the Ninth Circuit recognized that its subsequent cases had extended Elliott, holding that "'the federal common law rules of preclusion described in *Elliott* extend to state administrative adjudications of legal *as well as* factual issues, *even if unreviewed* [by a state court], so long as the state [administrative] proceeding satisfies the requirements of fairness outlined in [United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966)].'" Id. at 1033 (citation omitted) (emphasis added). Those requirements are: first, the administrative agency must act in a judicial capacity; second, the agency must resolve disputed issues of fact properly before it; and third, the parties must have had an adequate opportunity to litigate. Id. These three distinct "fairness requirements" must be satisfied before a prior administrative ruling can bar a Section 1983 action because such an administrative ruling, the Miller court emphasized, is only entitled to preclusive effect when the proceedings "[were] conducted with sufficient safeguards to be equated with a state court judgment." Id.

Factually, in Miller, the court affirmed a summary judgment ruling for the defendant in a Section 1983 action on the ground the administrative ruling sustaining the plaintiff's termination had preclusive effect on the action pending in federal court. There, the plaintiff was dismissed from his employment at the Santa Cruz County Sheriff's Department. He contested his dismissal before the Santa Cruz County Civil Service Commission; the Commission affirmed his dismissal after a "public evidentiary

hearing at which Miller was represented by counsel and was permitted to present oral and documentary evidence and to call witnesses." Id. at 1032. California Code of Civil Procedure section 1094.5 provided Miller with an opportunity to seek judicial review of the Commission's decision in superior court. Miller declined to seek that review; instead, he brought a Section 1983 action in federal court. The Ninth Circuit held that the unreviewed administrative determination, having met the Utah Construction-fairness requirements, precluded the plaintiff's Section 1983 action. Id. at 1038.

Defendants ask this court to apply Miller to this case and similarly preclude plaintiff's action. In so arguing, defendants emphasize the nature of the arbitration proceeding in this case; a proceeding which lasted seven days, and wherein, like Miller, plaintiff was represented by counsel and allowed to call witnesses and present documentary evidence. Further, the arbitration proceeding here was presided over by a qualified arbitrator, selected by the parties, who applied the American Arbitration Association Voluntary Arbitration Rules to the hearing. Also similar to Miller, plaintiff did not seek state court review via Section 1094.5; while he initially filed a petition pursuant to Section 1094.5, he later withdrew the petition, instead relying on this action to challenge his termination.

While said facts are indeed relevant to the second and third "fairness requirements," defendants' argument fails to address the threshold inquiry under Elliott and Miller--that the administrative body act in a *judicial capacity*. Such a capacity

entails adjudication of the parties' rights. In other words, a judicial-like hearing is an adversary proceeding in which the decision-maker renders a final decision binding on the parties. Darnell v. Lloyd, 395 F. Supp. 1210, 1214 n. 4 (D. Conn. 1975) (recognizing that Utah Construction applies only to state administrative decisions that are "judicial in nature" and that the hearing in Darnell was not "an adversary proceeding in which the Commissioner was empowered to adjudicate rights of the parties before him" but rather, the hearing was an "advisory proceeding designed to help the Commissioner make his decision"); United States v. MacDonald, 585 F.2d 1211, 1212 (4th Cir. 1978) (recognizing in the double jeopardy context that a military, investigatory hearing which did not adjudicate the defendant's guilt or innocence but rather offered only a recommendation to the Commanding Officer as to the charges against the defendant did not permit jeopardy to attach); Lambert v. Andrews, 2003 WL 22508205, *1 (9th Cir. Oct. 31, 2005) (finding the Nevada State Personnel Commission "clearly act[ed] in a judicial capacity" as the Commission's decision was "binding on both parties").[10]

In this case, like Darnell, the arbitrator did not adjudicate the parties' rights and issue a binding decision on them. Instead, the arbitrator provided only an "advisory

---

[10] Lambert is an unpublished decision of the Ninth Circuit but the court cites it here nonetheless because of the paucity of relevant case law on the specific issue critical to this case. Indeed, the parties do not cite any case addressing a similar fact pattern to this case where the challenge to the administrative proceeding rests on the first inquiry under Utah Construction--whether the administrative body acted in a judicial capacity. The cases cited by the court above, while not controlling, are nonetheless persuasive authority since they address the particular issue here.

decision," a recommendation, to the City Manager for his use in deciding plaintiff's appeal. The arbitrator wrote at the outset of his decision: "The parties agre[e] . . . the arbitrator's decision is an *advisory recommendation* to the Rocklin City Manager." (Defs.' RJN, Ex. 2 at 2.) (emphasis added). Pursuant to the express terms of the MOU, the City Manager could accept, modify *or* reject the recommendation. As such, the final decision as to plaintiff's termination lay solely in the City Manager, who had the unilateral authority to render any decision he saw fit. That ultimate decision was clearly not made pursuant to any sort of judicial process. The City Manager did not preside over or take any part in the arbitration proceeding, and more importantly, he was not required to accept any aspect of the arbitrator's findings in rendering his decision.

While he could, as he did here, choose to accept the arbitrator's decision and findings, significantly, he could choose to ignore them in full and render his decision for wholly other reasons. As a result, defendants' argument, in their reply, that the process was "judicial" because the City Manager based his decision on the arbitrator's findings of fact is unavailing.[11] While the City Manager chose to follow the

---

[11] Defendants contend that by "accepting the advisory decision" of the arbitrator to sustain plaintiff's termination, the City Manager "incorporat[ed] the arbitrator's decision and findings as his own." (Reply at 4:1-2.) Ziegler v. City of South Pasadena, 73 Cal. App. 4th 391, 393-94 (1999), cited by defendants to support their argument, is inapposite. There, the court, in reviewing the plaintiff's petition for writ of mandate under Section 1094.5, upheld a city manager's decision to terminate a police officer after an advisory arbitration proceeding, but the case did not involve the application of res judicata or more specifically the Utah Construction-fairness requirements.


arbitrator's recommendation in this case, what is critical to the inquiry is that he was not obligated to do so. As a result, the court cannot find that the administrative decision here, namely, the City Manger's decision, to be of a "judicial nature."

As the initial "fairness requirement" is not met, the court need not consider whether the other elements of Utah Construction are satisfied, nor need the court consider whether plaintiff's claims asserted herein were decided or could have been decided by the arbitrator. As the procedure used by the City to terminate plaintiff's employment cannot "be equated with a state court judgment,"[12] the court must deny defendants' motion to dismiss. Miller, 39 F.3d at 1033. The decision to terminate plaintiff's employment did not result from a procedure which comported with the requirements of a judicial hearing, which adjudicated the parties' rights and resulted in a final, binding decision. Rather, the decision to terminate plaintiff's employment resulted from the unabridged discretion of the City Manager. As such, plaintiff's instant complaint is not barred by the doctrine of res judicata.

///

///

///

///

---

[12] The court also notes that unlike most judicial or quasi-judicial proceedings, the arbitrator's decision in this case was only made public *after* the City Manager rendered his final decision. The MOU required that the arbitrator's decision be filed under seal with the City Manager, and that plaintiff be provided a copy of the arbitrator's decision only in conjunction with the City Manager's decision. Such procedures are hardly akin to judicial proceedings conducted and decided publicly.

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss plaintiff's complaint as barred by res judicata is DENIED; defendants' alternative motion for a stay is DENIED.

IT IS SO ORDERED.

DATED: May 23, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE