UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICK EATON,

        Plaintiff,

  v.

MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,

        Defendants.

NO. 2:07-cv-315 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants'[1] motion for certification of this court's May 23, 2007 order, denying defendants' motion to dismiss (the "Order"), for interlocutory appeal under 28 U.S.C § 1292(b) and for a stay of this action pending the appeal.  Plaintiff Rick Eaton ("plaintiff") opposes

---

[1] Defendants are the City of Rocklin (the "City"), Mark J. Siemens ("Siemens"), Chief of Police, and Carlos A. Urrutia ("Urrutia"), City Manager (collectively, "defendants").

the motion, arguing it is a "delay tactic" by defendants since there are no "exceptional circumstances" warranting an interlocutory appeal in this case. (Opp'n, filed July 27, 2007, at 1-2.)

For the reasons set forth below, the court finds that defendants have met their burden to demonstrate that the court's Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of this litigation. Thus, pursuant to Section 1292(b), defendants' motion is GRANTED.[2]

**BACKGROUND**

Defendants moved to dismiss plaintiff's complaint[3] on the ground the City's administrative decision resulting in plaintiff's termination bars this action, which either raises the same factual and legal issues presented in the arbitration proceeding, wherein plaintiff challenged his termination, or issues which could have been raised in that proceeding. Thus, the question before the court on the motion to dismiss was whether "plaintiff's complaint is barred by the doctrine of res

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-320(h).

[3] Plaintiff alleges claims against defendants for violation of plaintiff's constitutional rights (free speech, procedural and substantive due process and equal protection) pursuant to 42 U.S.C. section 1983 and for violation of plaintiff's rights under state law pursuant to California's "whistleblower" statute, Cal. Labor Code § 1102.5, and the Public Officers' Procedural Bill of Rights Act ("POPBRA"), Cal. Gov't Code § 3309.5(e). (Compl., filed Feb. 16, 2007.)

judicata." (Mem. & Order at 3:2-3.) The court's decision focused on the first requirement for preclusion under the fairness standards identified in <u>United States v. Utah Construction & Mining Co.</u>, 384 U.S. 394 (1966): the requirement that the administrative agency "act in a judicial capacity." (<u>Id.</u> at 10:12.)[4]  On that issue, the court held:

> The underlying administrative proceeding was not of a judicial nature, in that the arbitrator was not empowered to adjudicate the rights of the parties before him, but rather, he offered only an advisory decision designed to assist the City Manager make *his* decision as to the propriety of plaintiff's termination.

(<u>Id.</u> at 3:5-10.)  Because this first requirement for preclusion was not met, the court denied defendants' motion to dismiss. (<u>Id.</u> *generally*.)

Defendants filed their answer to plaintiff's complaint on June 1, 2007.  They now move for interlocutory appeal of the court's May 23 Order and for a stay of the action pending said appeal.

## STANDARD

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. <u>Coopers & Lyband v. Livesay</u>, 437 U.S. 463, 474 (1978); <u>In re Cement Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th Cir. 1982), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Arizona v. Ash Grove Cement Co.</u>, 459 U.S. 1190 (1983); <u>see</u> 28 U.S.C. § 1291.  There is, however, an exception to this general rule:

---

[4] Because this initial requirement for preclusion was not met, the court did not consider the other requirements for preclusion, including whether the agency resolved disputed issues of fact properly before it and whether the parties had an adequate opportunity to litigate. (<u>Id.</u> at 10:13-15, 14.)

3

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b). The party seeking certification of an interlocutory appeal has the burden to show the presence of those exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal. First, the issue to be certified must involve a controlling issue of law. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). Second, there must be substantial ground for difference of opinion on that issue. A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference;" the proponent of an appeal must make some greater showing. Kern-Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 667 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Third, an interlocutory appeal must be likely to materially speed the termination of the litigation. This factor is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the court of appeals on the

4

management of the case.  See In re Cement Antitrust Litig., 673 F.2d at 1026.

As to a stay of the pending action, Section 1292(b) states: "[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  Thus, by statute, this court has authority to stay the proceedings pending an interlocutory appeal.  This court also possesses the inherent power to control its own docket and calendar.  "A district court has inherent discretion to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted).  In Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted), the Ninth Circuit recognized:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Id.

**ANALYSIS**

As to the first requirement for interlocutory appeal, the court's Order addressed a single question of law; namely, whether plaintiff's complaint was barred by the doctrine of res judicata.  That inquiry, contrary to plaintiff's protestations in his opposition herein, was not fact-dependent.  See Keystone Tobacco Co., Inc. v. Nat'l Tobacco Co., 217 F.R.D. 235, 238 (D.C. Dist.

5

2003) (recognizing that an issue is not a "controlling issue of law" where the issue decided by the court is "fact-dependent"). Rather, the court surveyed the relevant law and determined thereunder that the arbitrator in this case did not act in a judicial capacity because his decision, rendered after the arbitration, was only a *recommendation* to the City Manager as to the propriety of plaintiff's termination, and the City Manger had ultimate and unilateral authority to render any decision he saw fit. (Mem. & Order at 12-13.) The facts underlying this decision, concerning the applicable procedures employed by the City to terminate plaintiff's employment, were not disputed by the parties on the motion to dismiss. Instead, the parties disputed only the legal effect of the facts under the preclusion standards.

That question of law is "controlling" within the meaning of Section 1292(b) because an interlocutory appeal would "materially affect the outcome of [the] litigation in [this court]." <u>In re Cement Antitrust Litig.</u>, 673 F.2d at 1026. Indeed, the preclusion issue here would completely dispose of this case if defendants prevail on appeal since defendants advance the defense of res judicata/claim preclusion with respect to all of plaintiff's claims asserted in the complaint.

For this same reason, defendants have also demonstrated that the appeal will advance the ultimate termination of the litigation. The potential for bringing the litigation to a more expeditious close is related to the "controlling issue of law" factor for certification. The court must consider the effect of a reversal by the court of appeals on the management of the case.

Id. Here, a reversal of this court's Order could resolve this case in its entirety, should the Ninth Circuit find the other elements for preclusion are also met.

As to the final requirement for certification of interlocutory appeal, the court acknowledged in its Order that there was a "paucity of relevant case law on the specific issue critical to this case." (Mem. & Order at 12 n. 10.) While defendants argued the Ninth Circuit's decision in Miller v. County of Santa Cruz, 39 F.3d 1030 (9th Cir. 1994)[5] compelled dismissal of plaintiff's complaint herein, the court found that Miller was distinguishable on the precise question presented in this case. In Miller, the Santa Cruz County Civil Service Commission affirmed the plaintiff's dismissal after a "public evidentiary hearing at which Miller was represented by counsel and was permitted to present oral and documentary evidence and to call witnesses." Id. at 1032. The parties in Miller did not dispute that in so ruling the Commission had acted in a "judicial capacity." Id. at 1032, 1038. To the contrary, in this case, the arbitration proceeding, which was in some respects similar to the Commission's "public evidentiary hearing" in Miller[6], resulted only in an *advisory* decision by the arbitrator; unlike the Commission in Miller, the arbitrator did not adjudicate the parties' rights and issue a binding decision on them. Instead,

---

[5] The court affirmed a summary judgment ruling for the defendant in a Section 1983 action on the ground the administrative ruling sustaining the plaintiff's termination had preclusive effect on the action pending in federal court.

[6] Plaintiff was represented by counsel and allowed to call witnesses and present documentary evidence.

7

the arbitrator made a recommendation to the City Manager as to whether plaintiff's employment termination should be sustained; the City Manager then had ultimate authority to either accept, modify *or* reject the recommendation.  It was for this reason that the court found that the City had not acted in a "judicial capacity" in terminating plaintiff's employment.  (Mem. & Order at 12-14.)[7]

In rendering this decision the court relied on out-of-circuit authority and an unpublished decision of the Ninth Circuit, finding these decisions persuasive because, contrary to any authority cited by the parties, these cases discussed the specific inquiry at issue in this case (namely, when does an agency act in a "judicial capacity" for purposes of the <u>Utah Construction</u>-fairness requirements?).  However, admittedly, even in the cases cited by the court the issue is not exhaustively discussed.  Thus, the court finds that there is substantial ground for difference of opinion on the issue considering that defendants' motion raises substantial and complicated questions for which there is no clear answer in controlling law.  As reflected in the parties' briefing on this motion, there are many facets to this inquiry which have not been fully discussed by the courts generally, and more specifically, by the Ninth Circuit.[8]

---

[7] In some respects, in the current briefing, the parties simply re-argue their positions as stated in the briefing on the motion to dismiss.  The court does not repeat its analysis of those arguments herein as the bases for the court's decision are fully set forth in the Order.

[8] Indeed, the court notes that defendants raise in the instant briefing several arguments not previously briefed on the
(continued...)

8

Because a reversal of this court's Order by the Ninth Circuit could resolve this case, in that plaintiff's complaint may be dismissed as barred by the doctrine of res judicata, the court stays this action in its entirety pending resolution of defendants' appeal of the Order. Said stay promotes economy of time and effort both for the court and the parties. <u>Filtrol Corp.</u>, 467 F.2d at 244.

**CONCLUSION**

For the foregoing reasons, the court finds that its May 23, 2007 Order, denying defendants' motion to dismiss plaintiff's complaint as barred by res judicata, involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. As such, defendants' motion for certification of the court's May 23, 2007 Order for interlocutory appeal is GRANTED. The court stays this action in its entirety pending resolution of said appeal.

IT IS SO ORDERED.

DATED: August 10, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[8](...continued) motion to dismiss, including whether the procedures used by the City in this case are "widespread" in California by other governmental agencies and whether procedural due process case law should be applied by analogy to resolve the preclusion issue presented here. (Defs.' Mem. of P. & A., filed June 13, 2007, at 6-7, 10-11.)

9