BRUCE A. SCHEIDT, State Bar No. 155088
RONALD J. SCHOLAR, State Bar No. 187948
CHRISTOPHER ONSTOTT, State Bar No. 225968
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone:   (916) 321-4500
Facsimile:   (916) 321-4555

Attorneys for Defendants
MARK J. SIEMENS, CARLOS A. URRUTIA, and
CITY OF ROCKLIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| RICK EATON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,<br><br>　　　　Defendants. | CASE NO. 2:07-cv-00315-FCD-KJM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT**<br><br>DATE:　June 6, 2008<br>TIME:　10:00 a.m.<br>CTRM:　2<br>The Honorable Franck C. Damrell, Jr. |

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

890743.2　　　　　　　　　　　　　　- 1 -　　　　　　　　　　　　　2:07-cv-00315-FCD-KJM

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 2 |
| II. | FACTUAL BACKGROUND | | 2 |
| III. | ANALYSIS | | 4 |
| | A. | Plaintiff's Motion Must be Denied Because He Fails to Seek An Amendment to the Court's Pre-Trial Scheduling Order | 4 |
| | B. | Plaintiff's Motion Does Not Establish Good Cause | 5 |
| | C. | Eaton's Requested Amendments Are Futile and Would Create Undue Delay | 7 |
| | D. | It is Eaton Who Failed to Meet and Confer in Good Faith Before this Motion | 8 |
| | | 1. Defendants did not unconditionally stipulate to the filing of an Amended Complaint | 8 |
| | | 2. Plaintiff omits the material fact of a second version of the amended complaint forwarded by Murray | 9 |
| IV. | CONCLUSION | | 10 |

890248.1 11776.002

- i -

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**
*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .................................................................................. 7
*Johns v. AutoNation USA Corp.*,
  246 F.R.D. 608 (D. Ariz. 2006) ................................................................................ 7
*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................................ 2, 4
*O'Connell v. Hyatt Hotels of Puerto Rico*,
  357 F.3d 152 (1st Cir. 2004) .................................................................................... 7
*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*,
  768 F.2d 1099 (9th Cir. 1985) .................................................................................. 4

**Federal Rules**
Federal Rule of Civil Procedure 12(b) ......................................................................... 3
Federal Rule of Civil Procedure 16 ........................................................................... 10
Federal Rule of Civil Procedure 16(b) ..................................................................... 4, 5
Federal Rule of Civil Procedure 16(b)(4) ................................................................. 2, 3

**State Statutes**
California Government Code § 910 ............................................................................ 7
California Government Code § 910.4 ......................................................................... 7
California Government Code § 911.2 ......................................................................... 8
California Government Code § 920.2 ......................................................................... 7
California Labor Code § 1102.5 .................................................................................. 7

I.

# INTRODUCTION

Plaintiff RICK EATON's ("Plaintiff" or "EATON") Motion for Order Permitting Filing of Amended Complaint ("the Motion") must be denied because: (1) Plaintiff fails to request leave to amend this Court's Status (Pretrial Scheduling) Order (the "Pretrial Order") precluding further amendments to the pleadings, as explicitly required by Ninth Circuit authority, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), and the Pretrial Order; (2) Plaintiff fails to show any evidence to satisfy the "good cause" standard for granting leave to amend, which primarily considers the diligence of the party seeking the amendment, ignoring this explicit requirement by the Court's pretrial scheduling order and Federal Rule of Civil Procedure 16(b)(4); (3) Plaintiff's amendments fail to further any aspect of this action as they are futile and create undue delay; and (4) the "facts" set forth in Plaintiff's Motion and the Declaration of Counsel Lawrence D. Murray attempt to mislead this Court and evidence a failure to meet and confer in good faith.

For the reasons set forth above, the Motion should be DENIED.

II.

# FACTUAL BACKGROUND

Plaintiff originally brought this action against the City of Rocklin, Mark J. Siemens, and Carlos A. Urrutia (collectively, "Defendants") on February 16, 2007. On or about February 18, 2008, more than a year after Plaintiff originally filed his complaint, Plaintiff forwarded by email a copy of a proposed amended complaint to Defendants' counsel (the "Initial Amended Complaint"). Scheidt Decl. ¶ 3. Between February 18, 2008, to March 3, 2008, the parties spent time negotiating over proposed mediators, differences in discovery and scheduling issues for the Joint Status Report. Scheidt Decl. ¶ 5.

The Initial Amended Complaint forwarded by EATON's counsel contained 203 lines of additional or changed allegations to review. Scheidt Decl. ¶ 5. It was fatally flawed with dated allegations of purported wrongdoing that were time-barred and with state law causes of action that could not be maintained against individual defendants Mark J. Siemens and Carlos

Urrutia as a matter of law. For example, proposed amendments to the Sixth Cause of Action allege a "system of preventing disclosure of violations of law and enforcing same as of 1994, by means of retaliation by verbal and written commands, admonishments and selective discipline for those who would report same." Murray Decl. in Support of Motion to Amend, Exh. A, ¶ 143. The Sixth Cause of Action also adds allegations of his 40-hour suspension in December 2001 in connection with a harassment charge against him. Plaintiff unsuccessfully sought to reverse the 40-hour suspension in a writ of administrative mandamus that was denied by Placer County Superior Court. Scheidt Decl. ¶ 6. In addition to seeking to add stale and time-barred allegations, Plaintiff neither explained the long delay in adding these allegations and claims nor contended he was not aware of the new allegations and legal claims at the time he filed his original complaint on February 16, 2007.

Given the flawed nature of the Initial Amended Complaint, Defendants' counsel informed Murray that Defendants would conditionally stipulate to the amended pleading if Defendants had assurances from Murray that Defendants would have 20 days after service and filing of the complaint to file a responsive pleading, in this case a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. Scheidt Decl. ¶¶ 6-7.

Murray never responded to the conditional offer to stipulate. Scheidt Decl. ¶ 8. Instead, he sent an additional email to Defendants' counsel stating that he had "made a few modifications to the First Amended Complaint for your review." *Id.* This version of the First Amended Complaint ("Amended Complaint, Version 2") substantially differed from the Initial Amended Complaint. Scheidt Decl. 8-12, Exh. F ¶ 175(c)-(e). In reviewing the additional changes, Defendants' counsel noted that the Eighth Cause of Action contained revisions pertaining to facts not alleged in EATON's Government Claim, thus making those allegations time barred. Scheidt Decl. ¶ 10, Exh. F. ¶ 175(c)-(e). Accordingly, on March 10, 2008, Defendants' counsel informed Murray that Defendants would not stipulate to the leave to file Amended Complaint, Version 2. Scheidt Decl. ¶ 12.

The First Amended Complaint attached to Plaintiff's Motion is the Initial Amended Complaint forwarded to Defendants' counsel on February 18, 2008. Scheidt Decl. ¶

1. 11. EATON's Motion fails to attach or even mention Amended Complaint, Version 2, despite the fact that Plaintiff never informed Defendants' counsel that the second version was withdrawn. Scheidt Decl. ¶ 11. Instead, Plaintiff's Motion attempts to mislead this Court into viewing Defendants' counsel's March 10th letter as a response concerning the Initial Amended Complaint (which, when viewed this way, misleads the Court into thinking Defendant's objections were without merit), when in fact it's addresses EATON's Amended Complaint, Version 2. For the reasons set forth below, Plaintiff's Motion should be denied.

## III.

## ANALYSIS

### A. Plaintiff's Motion Must be Denied Because He Fails to Seek An Amendment to the Court's Pre-Trial Scheduling Order.

The Court's Pretrial Order states that "No ... amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)." 3/18/2008 Status (Pretrial) Scheduling Order at 1:23-26. In its motion, Plaintiff completely ignores the Court's citation to *Johnson*, which explicitly requires that a plaintiff seeking leave to file an amended complaint must also seek an amendment to the scheduling order itself. In *Johnson*, the court stated:

> Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some court's have considered a motion to amend the complaint as a motion to amend the scheduling order....We have suggested the contrary. *See ...U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made) ... We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend were treated as a defacto motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion has passed.

*Id.* at 608-609. *See also Johnson*, 975 F.2d at 610 ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. ... The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case.").

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

890743.2                                          - 4 -                              2:07-cv-00315-FCD-KJM

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

Here, like in *Johnson*, EATON simply seeks "an order permitting the filing of the Amended Complaint" without any leave to amend the scheduling order. Motion at 2:1. As in *Johnson*, Plaintiff's Motion must be denied because it is procedurally defective for failure to seek amendment to the scheduling order.

**B.     Plaintiff's Motion Does Not Establish Good Cause.**

Even if this Court were to treat EATON's Motion to Amend the Complaint as also a *de facto* motion to amend the scheduling order, the Motion still fails because EATON has not established good cause. EATON's Motion completely ignores this Court's explicit requirement that good cause be shown to be granted leave to amend the complaint. Rather than heed the Court's reminder that Federal Rule of Civil Procedure 16(b) applies to leave requests after the scheduling order is in place, EATON treats this Motion as one to amend under the more forgiving requirements of Rule 15. *See* Motion at 3:4, 3:19-21 ("Plaintiff moves pursuant to Rule 15, for an order permitting the filing of an amended complaint" and "The purpose of Rule 15 is to permit flexibility in the filing a presentation of claims to avoid any potential injustice. As long as the pleading provides notice of the claim, the pleading should be permitted.").

After the scheduling order has precluded amendments to a complaint, the plaintiff must satisfy the requirements of Rule 16(b), not Rule 15(a), in order to further amend the complaint. *Johnson*, 975 F.2d at 608. "Rule 16 ... and its standards may not be short-circuited by an appeal to those of Rule 15. *Id.* at 610. "Orders entered before the pretrial conference may be modified upon a showing of good cause." *Id.* at 608. The good cause standard under Rule 16 is not coextensive to that under Rule 15. *Id.* at 609. "Unlike Rule 15(a) liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The Court may modify the pretrial schedule if 'it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.*

Here, EATON fails to even so much as mention "good cause" in his Motion, much less make such a showing. EATON's failure to make his Motion pursuant to and meet the "good cause" standard under Rule 16 is grounds alone to deny this Motion.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

The facts set forth above show that EATON has not been diligent to seek the amendments that he now requests and, therefore, good cause does not exist to amend the complaint.

EATON's requested amendments are based upon alleged events pressed by EATON for years, such as allegations concerning a letter written by him almost 14 years ago, his Grand Jury testimony 8 years ago, and a sexual harassment investigation 7 years ago. *See, e.g.*, Murray Exhibit A, First Amended Complaint at ¶¶ 146-148. EATON himself mentioned his Grand Jury Testimony and the harassment investigation in his tort claim filed on July 6, 2006. *See* July 6, 2006, Eaton Government Claim Form Attachment. Scheidt Decl. ¶ 13, Exh. I.

Moreover, EATON's own motion establishes that he unreasonably delayed in filing his motion to amend. EATON filed his original complaint on February 16, 2007, years after all of the purported events set forth in the immediately above paragraph allegedly took place and 18 months after EATON brought up the same allegations in his administrative proceeding before arbitrator William Riker in July and August 2005. Notwithstanding the years of elapsed time, EATON first mentioned the possibility of amending his complaint in February 2008, more than a year after filing the original complaint, stating that he already drafted a motion to amend for that purpose. Scheidt Decl. ¶ 3. After negotiations over a proposed stipulation to allow the amendment broke down for reasons set forth above, EATON was advised on March 10, 2008, that Defendants would not agree to allow the complaint to be amended. Scheidt Decl. ¶ 12. Despite the fact that EATON was advised of Defendants' position on *March 10, 2008*, EATON delayed more than seven weeks to file the instant Motion.

The focus of the good cause inquiry into the plaintiff's diligence is "upon the moving party's reasons for seeking modification … If that party is not diligent, the inquiry should end." *Id.* Here, given (1) EATON's failure to draft the instant Motion to show good cause for the amendment as expressly required by the Court and by Rule 16(b), (2) EATON's failure to include in the original complaint allegations dating as far back as the early 1990s, and (3) EATON's unreasonable delay in seeking leave to amend; EATON has shown no diligence whatsoever justifying leave to amend his complaint. *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not

compatible with a finding of diligence and offers no reason for a grant of relief."); *Johns v. AutoNation USA Corp.*, 246 F.R.D. 608 (D. Ariz. 2006) (denying request to amend answer under Rule 16 because delay of four months to request amendment after change in counsel showed that plaintiff was not diligent); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152 (1st Cir. 2004) (quoting *Johnson* and denying request to amend complaint, stating "[i]ndifference of the moving party seals off this avenue of relief") (internal quotations omitted). Thus, Defendants respectfully request that EATON's Motion be denied for failure to establish good cause.

C.      **EATON's Requested Amendments Are Futile and Would Create Undue Delay.**

EATON's Motion fails even under the more liberal Rule 15 standard for amending pleadings. Under Rule 15, a court may deny a request for leave to amend when the court finds "undue delay, bad faith, or dilatory motive ... [or] futility of amendment ...." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003).

Here, a brief review of the proposed amended complaint reveals that the suggested amendments to the complaint add only duplicative and time barred allegations which do nothing to further the action to trial. Accordingly, the Motion should be denied on account of the futility of the amendments sought and the potential for undue delay.

The proposed amended complaint seeks to add superfluous causes of action under California Labor Code § 1102.5 (*see* Proposed Amended Complaint, Fifth, Sixth and Seven Causes of Action) that contain stale allegations concerning EATON's testimony before a Grand Jury in 2000, and for allegedly "preventing disclosure of violations of law ... as of *1994*" and a sexual harassment investigation in 2001. *See, e.g.*, Murray Decl., First Amended Complaint at ¶¶ 38a, 129, 143-147, 149. EATON himself did not assert that any of these events formed a basis for his termination in his government claim form pursuant to California Government Code §§ 910, 920.2, and 910.4. *See* Scheidt Decl. ¶ 13, Exh. I., July 6, 2006, Eaton Government Claim Form Attachment, p. 3. ("Claimant asserts that his termination was unjustified and is retaliatory by Siemens because Claimant discovered facts about Lt. Newman's criminal background, because Claimant brought these facts to Siemens' attention, because Claimant purportedly disobeyed Siemens' order to cover up this information, and because Claimant refused to

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

890743.2                                                          - 7 -                                                  2:07-cv-00315-FCD-KJM

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

participate in and questioned Siemens' red light quota competition and other ongoing misuse of Department resources.").

Because EATON himself did not himself allege in his government claim that his termination caused by the allegations he now wants added in his amended complaint, they are barred for failure to comply with the statutory one-year period for filing a government claim under California Government Code § 911.2. Cal. Gov. Code § 911.2 ("A claim related to any other cause of action [other than death or injury to person or property] shall be presented … not later than one year after the accrual of the cause of action."). EATON's Motion should therefore be denied because the amendments sought are futile and would do nothing but create the potential for further delay in this case.

**D.   It is Eaton Who Failed to Meet and Confer in Good Faith Before this Motion.**

Finally, the Court should deny EATON's Motion because it includes a declaration by counsel Lawrence D. Murray that misrepresents the parties' meet-and-confer process, thus evidencing a failure by EATON to meet and confer in good faith on the proposed amendments. Because EATON has based his Motion on a false account of the parties' meet-and-confer efforts with respect to the Amended Complaint, good cause does not exist and the Motion should be denied.

EATON's counsel Murray premises the Motion on at least two demonstrably false statements in his declaration, which he signed under oath. In particular, Murray asserts that: (1) Rocklin Counsel Bruce Scheidt indicated "that they would stipulate to the filing of the amended complaint" (*see* Murray Decl. at ¶ 5); and (2) that Scheidt pressed a meritless objection in refusing to stipulate to the filing of the Initial Amended Complaint that is the subject of this Motion. Murray Decl at ¶ 6.

    1.   **Defendants did not unconditionally stipulate to the filing of an Amended Complaint.**

Plaintiff forwarded a formal request to amend the complaint with an attached Amended Complaint (the Initial Amended Complaint) together with proposed mediation on or about February 19, 2008. On February 26, 2008, Defendants' counsel emailed Murray and

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

1  stated that he would try to "get you a response by Friday, Monday [March 3] at the latest."
2  Scheidt Decl. ¶ 7, Exh. C.  True to his word, on March 3, 2008, Defendants' counsel offered by
3  email to stipulate to the amended complaint being filed *conditioned* upon Defendants' being
4  granted 20 days after notice of service to file a responsive pleading.  *See* Scheidt Decl. at ¶ 7.
5  Thus, Defendants did not, in fact, unconditionally offer to stipulate to the filing of the Initial
6  Amended Complaint.

   2.  **Plaintiff omits the material fact of a second version of the amended complaint forwarded by Murray.**

9  The crux of EATON's representations concern his implication that the Amended
10 Complaint attached to his Motion is, in fact, the last Amended Complaint that he has asked the
11 Defendants to stipulate to leave to amend.  As set forth above, the history of the meet-and-confer
12 process is dramatically different than that represented by Murray and shows bad faith on his part
13 in bringing this Motion.
14 Failing to respond to Defendants' counsel's Scheidt's conditional stipulation offer,
15 on March 6, 2008, Murray instead sent Defendants' counsel a different complaint, Amended
16 Complaint, Version 2.  It is this correspondence from Murray with the Amended Complaint,
17 Version 2, that was the subject of Scheidt's March 10, 2008 letter stating "The defendants cannot
18 stipulate to the modifications in your First Amended Complaint.  As modified, the Eighth Cause
19 of Action is time barred and does not comply with the Tort Claims Act."
20 Contrary to Murray's declaration that "the Eighth Cause of Action is not the
21 subject of this modification," the Eighth Cause of Action in the Amended Complaint, Version 2,
22 in fact contains **substantially revised allegations** that **are not** included in EATON's Government
23 claim.  *See* Scheidt Decl., Exh. F at ¶¶ 176 (c) - (e).  In neglecting to even so much as mention
24 that the March 10, 2008 letter is in fact a response to the Amended Complaint, Version 2, a
25 complaint which Murray himself forwarded to Defendants' counsel, Murray misleads this Court
26 to think that Defendants objected to the amended complaint based upon an unchanged Eighth
27 Cause of Action, when in fact substantial substantive changes were made to that cause of action
28 in the Amended Complaint, Version 2.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

890743.2                                          - 9 -                                    2:07-cv-00315-FCD-KJM

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT

As the above shows, Plaintiff's Motion misleads this Court with respect to key facts associated with the parties' meet-and-confer process, thus showing a failure to meet and confer in good faith before the requested Motion. For this reason, Plaintiff's Motion should be denied.

## IV.
## CONCLUSION

Plaintiff's motion fails in many respects. Plaintiff fails to request amendment to the scheduling order; he ignores the good cause standard set forth explicitly in the Court's order and in Federal Rule of Civil Procedure 16; he requests amendments that are futile and would cause undue delay in this case; and he distorts the factual history of the parties' meet-and-confer process. Accordingly, Defendants respectfully submit that the Motion should be denied.

Dated: May 22, 2008.              KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                                  A Law Corporation


                                  By:       /s/ Christopher Onstott
                                       CHRISTOPHER ONSTOTT
                                       Attorneys for Defendants MARK J. SIEMENS,
                                       CARLOS A. URRUTIA, and CITY OF ROCKLIN

## PROOF OF SERVICE

I, Sherri Lee Caplette, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On May 23, 2008, I served a copy of the within document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER PERMITTING FILING OF AMENDED COMPLAINT**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Sacramento, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

MARY-ALICE COLEMAN
LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2
DAVIS, CA 95616

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 23, 2008, at Sacramento, California.

/s/ Sherri Lee Caplette
Sherri Lee Caplette, CCLS