1

2

3

4

5

6

7

8

9                         UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11
                                ----oo0oo----
12

13  RICK EATON,
                                         NO. CIV. S-07-315 FCD KJM
14            Plaintiff,

15       v.                              MEMORANDUM AND ORDER

16  MARK J. SIEMENS, an individual
    and in his capacity as Chief
17  of Police, CARLOS A. URRUTIA,
    an individual and in his
18  capacity as City Manager, CITY
    OF ROCKLIN, a public
19  municipality and public
    entity,
20
              Defendants.
21
                                ----oo0oo----
22

23       This matter is before the court on plaintiff Rick Eaton's

24  ("plaintiff") motion for leave to file an amended complaint

25  pursuant to Federal Rule of Civil Procedure 15(a).[1]  Plaintiff

26  seeks to amend his complaint to allege additional facts relating

27  to certain existing claims, to correct certain errors in the

28
    _____
         [1]    All further references to a "Rule" are to the Federal
    Rules of Civil Procedure.

1  complaint and to restate his "Whistleblowing" claim under the

2  California Labor Code as three separate and distinct claims under

3  the Labor Code. (See Proposed FAC, Docket #80-2.)  Defendants[2]

4  oppose the motion, arguing (1) the motion is procedurally

5  defective in that Rule 16(b), rather than Rule 15(a), governs the

6  motion, and (2) if even the court construes the motion under Rule

7  16(b), plaintiff has failed to show "good cause" to permit

8  amendment of the complaint.

9       For the reasons set forth below, the court DENIES

10  plaintiff's motion as procedurally defective or alternatively on

11  the merits, under Rule 16(b), for failure to demonstrate

12  diligence in moving to amend.[3]

13       Once the court has entered a pretrial scheduling order

14  pursuant to Rule 16, the standards of Rule 16 rather than Rule 15

15  govern amendment of the pleadings in the first instance.  See

16  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th

17  Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230,

18  1232-33 (E.D. Cal. 1996).  On March 18, 2008, this court entered

19  a pretrial scheduling order which expressly included citation to

20  Rule 16 and the requirement to show good cause to justify

21  amendment of the pleadings.[4]  (Status (Pretrial Scheduling)

22

23       [2]     Defendants are the City of Rocklin (the "City"), Mark
    J. Siemens ("Siemens"), Chief of Police, and Carlos A. Urrutia
24  ("Urrutia"), City Manager (collectively, "defendants").

25       [3]     Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
26  E.D. Cal. L.R. 78-230(h).

27       [4]     Although filed on February 16, 2007, this action was
    not scheduled until March 2008 due to the court's resolution of
28                                               (continued...)

1   Order, filed Mar. 18, 2008, stating "No further joinder of

2   parties or amendments to pleadings is permitted without leave of

3   court, good cause having been shown.  See Fed. R. Civ. P. 16(b);

4   [Mammoth Recreations]".)  Here, like in Mammoth Recreations,

5   plaintiff simply seeks an order permitting the filing of the

6   amended complaint without moving for relief under Rule 16 or

7   demonstrating that the Rule's requirements are met.  Mammoth

8   Recreations, 975 F.2d at 610 ("A scheduling order is not a

9   frivolous piece of paper, idly entered, which can be cavalierly

10  disregarded by counsel without peril . . . The district court's

11  decision to honor the terms of its binding scheduling order does

12  not simply exalt procedural technicalities over the merits of

13  [the plaintiff's] case.") (internal quotations omitted).  As

14  such, plaintiff's motion is properly denied as procedurally

15  defective.

16      However, even were the court to consider the motion as a *de*

17  *facto* motion pursuant to Rule 16, plaintiff has failed to

18  demonstrate good cause to permit amendment of the complaint.  The

19  good cause requirement of Rule 16 primarily considers the

20  diligence of the party seeking the amendment.  The pretrial

21  scheduling order can only be modified "if it cannot reasonably be

22  met despite the diligence of the party seeking the extension."

23

24

25      [4](...continued)
    defendants' motion to dismiss and the resulting grant of
26  interlocutory appeal of the court's denial of the motion.  (Mem.
    & Order, filed Aug. 10, 2007).  The Ninth Circuit ultimately
27  denied permission to appeal on January 24, 2008.  (Docket #76.)
    After consideration of the parties' amended joint status report,
28  filed February 22, 2008, the court issued its pretrial scheduling
    order on March 18, 2008.

1  <u>Mammoth Recreations</u>, 975 F.2d at 609.  When evaluating whether a

2  party was diligent, the Ninth Circuit has determined that "the

3  focus of the inquiry is upon the moving party's reasons for

4  modification.  If that party was not diligent, the inquiry should

5  end."  <u>Id.</u> at 610.

6      When the proposed modification is an amendment to the

7  pleadings, the moving party may establish good cause by showing

8  "(1) that [he or she] was diligent in assisting the court in

9  creating a workable Rule 16 order; (2) that [his or her]

10 noncompliance with a rule 16 deadline occurred or will occur,

11 notwithstanding [his or her] diligent efforts to comply, because

12 of the development of matters which could not have been

13 reasonably foreseen or anticipated at the time of the Rule 16

14 scheduling conference; and (3) that [he or she] was diligent in

15 seeking amendment of the Rule 16 order, once it became apparent

16 that [he or she] could not comply with the order."  <u>Jackson v.</u>

17 <u>Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations

18 omitted).  Only after the moving party has demonstrated diligence

19 under Rule 16 does the court apply the standard under Rule 15 to

20 determine whether the amendment was proper.  <u>See</u> <u>Mammoth</u>

21 <u>Recreations</u>, 975 F.2d at 608; <u>Eckert Cold Storage</u>, 943 F. Supp.

22 at 1232 n.3.

23     Here, plaintiff has failed to demonstrate that he acted

24 diligently in moving to amend.  Plaintiff's requested amendments

25 pertain to facts that he was well-aware of at the time of the

26 filing of the original complaint on February 16, 2007.  Indeed,

27 plaintiff's additional allegations concern, for example, a letter

28 he wrote almost 14 years ago, his grand jury testimony which took

1   place 8 years ago and a sexual harassment investigation which

2   took place 7 years ago.  Plaintiff offers no justification for

3   why his allegations pertaining to these events could not have

4   been asserted in his original complaint.

5        Moreover, plaintiff also fails to justify his delay in

6   moving to amend.  Despite his knowledge of the subject facts at

7   the time he filed the complaint in this action, plaintiff waited

8   one year, until February 18, 2008, to request that defendants

9   stipulate to amendment of the complaint.  Defendants informed

10  plaintiff on March 10, 2008 that they would not stipulate; yet,

11  plaintiff did not file the instant motion until April 30, 2008,

12  seven weeks later.

13       Under these circumstances, plaintiff has failed to satisfy

14  the threshold "diligence" requirement of Rule 16, and thus, his

15  motion must be DENIED.  As a result, the court need not reach the

16  parties' arguments as to whether the substantive amendments are

17  proper or futile under Rule 15.

18       IT IS SO ORDERED.

19  DATED: June 12, 2008.

20  _____
    FRANK C. DAMRELL, Jr.
21  UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

5