KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
BRUCE A. SCHEIDT, State Bar No. 155088
(bscheidt@kmtg.com)
CHRISTOPHER ONSTOTT, State Bar No. 225968
(constott@kmtg.com)
MEREDITH PACKER, State Bar No. 253701
mpacker@kmtg.com
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:     (916) 321-4500
Facsimile:      (916) 321-4555

Attorneys for Defendants MARK J. SIEMENS, CARLOS A. URRUTIA, and CITY OF ROCKLIN

LAW OFFICE OF MARY-ALICE COLEMAN
JAMES C. ASHWORTH, State Bar No. 151272
(james.ashworth@lawofficemac.com)
1109 Kennedy Place, Suite 2
Davis, CA 95616
Telephone:     (530) 758-4234
Facsimile:      (916) 304-0880

Attorneys for Plaintiff RICK EATON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK EATON,<br><br>             Plaintiff,<br><br>v.<br><br>MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,<br><br>             Defendants. | CASE NO.  2:07-cv-00315-FCD-KJM<br><br>**STIPULATION AND ORDER TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN EXCESS OF APPLICABLE PAGE LIMITS** |

## **STIPULATION**

This Stipulation ("Stipulation") is entered into by and between Plaintiff RICK EATON, by and through his attorneys of record, and Defendants MARK J. SIEMENS, CARLOS A. URRUTIA, and CITY OF ROCKLIN (collectively, "Defendants"), by and through their attorneys of record.

1. The parties hereto acknowledge and agree that Defendants require additional pages for the memorandum of points and authorities in support of Defendants' planned motion for summary judgment. Additional pages are necessary for parties to adequately brief the various legal issues in this case. Additional pages are necessary for Defendants to summarily adjudicate the sheer size of the legal and factual issues presented in Plaintiff's 58-page, 246-paragraph First Amended Complaint, covering five separate causes of action against three Defendants. This page extension is necessary because the First Amended Complaint presents the following federal causes of action: (1) Equal Protection (No Rational Basis), (2) Taking of Chosen Profession; and (3) First Amendment (Free Speech). The First Amended Complaint also presents the following two state law claims: (1) Retaliation for Reporting Illegal Activity (Cal. Labor Code §§ 1102.5-1105); and (2) Police Officer's Procedural Bill of Rights (Cal. Govt. Code § 3309.5(e)). Some allegations in the Complaint go beyond Plaintiff's individual circumstances and will require the Court's analysis of at least six other individual employees' employment. For example, the First Cause of Action alleges that Plaintiff is part of a protected class of six individual employees who "refused to participate in criminal activity, complain of and report illegal activity as mandated by law."[1] Plaintiff's allegations also cover a lengthy period of events, with some allegations dating back to 1994.[2] Further, because the claims are asserted against a public agency and public officials, additional immunities not afforded private sector employers must be resolved by the Court.

2. Further, the additional pages are necessary because of the enormity of evidence to be presented in the motion for summary judgment of issues. Plaintiff Rick Eaton was

---

[1] First Amended Complaint at ¶¶ 85.2 – 85.19.
[2] First Amended Complaint at ¶¶ 63.1, 63.3, 63.4, 128.

918729.1 9959.012
- 2 -

ATTORNEYS AT LAW

STIPULATION AND ORDER TO EXCEED APPLICABLE PAGE LIMITS

terminated after a seven-day arbitration hearing in 2005, during which 18 witnesses testified under oath. The arbitration hearing transcripts in the 2005 hearing totaled more than 1,300 pages of witness testimony and 100 exhibits submitted and moved into evidence.

3. Nineteen (19) depositions of purported "percipient" witnesses identified by Plaintiff were taken in this action – not including deposition of experts. The deposition of Plaintiff Rick Eaton alone spanned three days pursuant to an order of Magistrate Judge Kimberly J. Mueller. Not including expert witness depositions, there are over 3,000 pages of deposition transcripts in this matter. Plaintiff produced more than 6,000 pages of documents and Defendants have produced more than 5,800 pages of documents. Therefore, in addition to the extensive arbitration and deposition testimony, this case concerns almost 12,000 pages of documents.

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1. That the page limit set previously at twenty (20) pages for initial moving papers be set at sixty (60) pages to allow Defendants to file a memorandum of points and authorities in support of Defendants' motion for summary judgment of no more than sixty pages;

2. That the page limit set previously at twenty (20) pages for opposition briefs be set at sixty (60) pages to allow Plaintiff to file a memorandum of points and authorities in opposition to Defendants' motion for summary judgment of no more than sixty pages;

3. That the page limit set previously at ten (10) pages for reply briefs be set at thirty (30) pages to allow Defendants to file a memorandum of points and authorities to reply to Plaintiff's opposition to Defendants' motion for summary judgment of no more than thirty pages;

4. With the exception of Defendants' motion for summary judgment, and the ensuing opposition and reply briefs, all other page limitations remain as specified in the Status (Pre-Trial) Scheduling Order.

1 | Dated: June____, 2009 | KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
  |                        | A Law Corporation

2

3 | | By _____/s/_____
  | |       BRUCE A. SCHEIDT

4 | | Attorneys for Defendants MARK J. SIEMENS, CARLOS
  | | A. URRUTIA, and CITY OF ROCKLIN

5

6 | Dated: June ____, 2009 | LAW OFFICE OF MARY-ALICE COLEMAN

7 | | By _____/s/_____
  | |       JAMES C. ASHWORTH

8 | | Attorneys for Plaintiff RICK EATON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

918729.1 9959.012                  - 4 -

STIPULATION AND ORDER TO EXCEED APPLICABLE PAGE LIMITS

# **O R D E R**

IT IS HEREBY ORDERED that good cause having been shown, the Status (Pretrial Scheduling) Order issued on March 17, 2008, is amended as follows:

1. That the page limit set previously at twenty (20) pages for initial moving papers be set at **fifty (50) pages** to allow Defendants to file a memorandum of points and authorities in support of Defendants' motion for summary judgment of no more than fifty pages;

2. That the page limit set previously at twenty (20) pages for opposition briefs be set at **fifty (50) pages** to allow Plaintiff to file a memorandum of points and authorities in opposition to Defendants' motion for summary judgment of no more than fifty pages;

3. That the page limit set previously at ten (10) pages for reply briefs be set at **thirty (30) pages** to allow Defendants to file a memorandum of points and authorities to reply to Plaintiff's opposition to Defendants' motion for summary judgment of no more than thirty pages;

4. With the exception of Defendants' motion for summary judgment and the ensuing opposition and reply briefs, all other page limitations remain as specified in the Status (Pre-Trial) Scheduling Order.

Dated: July 1, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

Kronick,
Moskovitz,
Tiedemann &
Girard
Attorneys At Law

918729.1 9959.012                                         - 5 -

STIPULATION AND ORDER TO EXCEED APPLICABLE PAGE LIMITS