UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICK EATON,

        Plaintiff,

   v.

MARK J. SIEMENS, an individual and in his capacity as Chief of Police, CARLOS A. URRUTIA, an individual and in his capacity as City Manager, CITY OF ROCKLIN, a public municipality and public entity,

        Defendants.

NO. CIV. S-07-315 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants'[1] motion to stay the action pending their appeal of the court's December 14, 2009 order, granting in part and denying in part defendants'

---

[1] Defendants are the City of Rocklin (the "City"), Mark J. Siemens ("Siemens"), Chief of Police, and Carlos A. Urrutia ("Urrutia"), City Manager (collectively, "defendants").

motion for summary judgment.[2]  In that order, the court granted summary judgment in favor of defendants on plaintiff Rick Eaton's ("plaintiff") state law claims as well as his Section 1983 claims brought under the First Amendment and substantive due process clause, but denied defendants' motion as to plaintiff's Fourteenth Amendment equal protection claim and Monell claim against the City; the court also found that the individual defendants were not entitled to qualified immunity as to plaintiff's equal protection claim.

Defendants filed a Notice of Appeal on December 30, 2009 and filed the instant motion on January 4, 2010.[3]  Plaintiff responded to the motion, asking the court to defer ruling on the motion pending the Ninth Circuit's decision on plaintiff's motion to dismiss defendants' appeal for lack of jurisdiction. Plaintiff stated that should the Ninth Circuit deny his motion to dismiss, he did not oppose entry of a stay of this action pending

---

[2] Defendants bring their motion pursuant to Fed. R. Civ. P. 62(g).  However, that Rule applies to an *appellate* court's authority to issue a stay.  Here, a stay is permitted pursuant to the court's inherent power to control its own docket and calendar and/or under the general principles underlying 28 U.S.C. § 1292.  See Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972); Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

[3] Defendants filed their Notice of Appeal on the ground that the court's decision denying the individual defendants qualified immunity is an appealable "final decision" within the meaning of 28 U.S.C. § 1291 (see Huskey v. City of San Jose, 204 F.3d 893, 896 (9th Cir. 2000)), and that because plaintiff's claims against the City are inextricably intertwined with the claims against the individual officers, the court of appeal may hear the claims against the City under its pendent jurisdiction.

2

1 the resolution of the merits of defendants' appeal.[4]

2 In light of plaintiff's motion to dismiss the appeal, this
3 court continued defendants' motion to stay to await the Ninth
4 Circuit's decision.  (Docket #s 216-218.)  On May 21, 2010, the
5 Ninth Circuit denied plaintiff's motion to dismiss.  (<u>Eaton v.
6 Siemens</u>, No. 09-17907, Ninth Circuit Order, filed May 21, 2010.)

7 Accordingly, as plaintiff does not oppose defendants' motion
8 to stay, the court HEREBY stays this action in its entirety
9 pending resolution of defendants' appeal by the Ninth Circuit.
10 Said stay is warranted in the interests of judicial economy as
11 further pursuit of the case against the City would effectively
12 require the individual defendants to defend the case as well, in
13 contravention of their alleged qualified immunity rights.  A stay
14 ensures that the court is not required to try essentially the
15 same case twice.

16 IT IS SO ORDERED.

17 DATED: June 30, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because the court finds that oral argument will not be of material assistance, it submits this matter on the briefs. E.D. Cal. L.R. 230(g).

3