UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RICK EATON,                                  No. 2:07-cv-00315-MCE-CKD

        Plaintiff,

  v.                                         MEMORANDUM AND ORDER

MARK J. SIEMENS, an individual
and in his capacity as Chief
of Police, et al.,

        Defendants.

This matter arises out of Plaintiff Rick Eaton's ("Plaintiff") claims that the City of Rocklin ("City"), Carlos A. Urrutia ("Urrutia"), in his individual capacity and in his capacity as the City manager and Mark J. Siemens ("Siemens") in his individual capacity and in his capacity as the Chief of Police, improperly terminated Plaintiff because of his inclusion in a discrete and identifiable group, and thus, violated his rights to equal protection under the Fourteenth Amendment to the Constitution. Presently before the Court is Defendants' "motion for permission to file a second motion for summary judgment."

(ECF No. 299.) Plaintiff opposes the motion.  For the reasons set forth below, Defendants' motion is DENIED[1]

**BACKGROUND**

The Court has recounted the relevant facts of this case in detail on a number of occasions.  Thus, in the interest of brevity, the Court recounts only those facts necessary for understanding of the Court's analysis.

Plaintiff was a police officer with the City of Rocklin Police Department.  The City terminated Plaintiff after he made a number of complaints regarding the allegedly criminal background of a fellow officer.  In addition to criticizing this officer, Plaintiff also criticized Siemens in briefings and conversations with subordinates regarding Siemens' alleged unethical conduct in using a police vehicle for personal use.  Plaintiff also criticized Siemens for instituting an allegedly illegal incentive program for ticketing motorists for red light violations. Plaintiff claimed Siemens illegally rewarded officers with pizzas, paid for with public funds, as an incentive to ticket more motorists.  Plaintiff believed that the City's "Departmental Directive and Admonition" of January 16, 2003, discouraged officers from reporting wrongdoing within the department, such as sexual harassment, racial discrimination, and misuse of public resources.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

In 2002, the department issued Plaintiff a 40-hour unpaid suspension for what it characterized "verbal harassment in the form of unwanted and inappropriate sexually oriented comments." (Court's Mem. & Order, filed December 14, 2009 [ECF No. 199] at 4:13-14.)  Moreover, between 2002 and 2004, Defendants alleged that Plaintiff engaged subversive conduct that undermined the order and efficient operation of the Rocklin Police Department. For example, as this Court explained in its December 19, 2009 Order, Plaintiff informed superiors of a fellow police officer's criminal background and discussed the matter within the department, despite warnings to refrain from doing so; he engaged in confrontations over performance evaluations; and he criticized superiors for alleged improper personal use of police vehicles and for instituting what Plaintiff alleged were illegal ticketing incentive programs.  (See generally id. at 4:12-8:22.)

Plaintiff proceeded to file an internal grievance pursuant to his union contract for the 40-hour suspension he received in 2002.  On June 30, 2004, after a five-day evidentiary hearing, that grievance was denied by arbitrator Catherine Harris.  Harris found "just cause" for the City's 40-hour suspension of Plaintiff for violation of the verbal harassment policy."  (Id. at 8:23-28.)  Plaintiff was subsequently terminated as outlined by the Court in its previous Order:

///
///
///
///
///

3

> On November 1, 2004, [City Manager] Urrutia issued plaintiff a Notice of Termination setting forth the following charges: (1) plaintiff made malicious and threatening statements to his supervisor Newman on October 13, 2003 during a performance evaluation, including statements concerning the sexual orientation of Newman's ex-wife; (2) during October to December 2003, plaintiff made disparaging remarks about Newman during briefings and in conversations with his subordinates; (3) during that same period, plaintiff made disparaging remarks about Siemens during briefings and in conversations with subordinates; (4) during November 2003, while on duty, plaintiff offered to show a police report about Newman to Olivera to help Olivera in an internal affairs investigation; (5) in September 2004, plaintiff made inappropriate comments about the disposition of his verbal harassment grievance to Sergeant Vizzusi and Lieutenant Johnstone; and (6) plaintiff did not follow the mission of the department and the directions of the Chief of Police, and he refused to strictly adhere to the standards and policies of the department. The Notice indicated that all six charges described conduct violative of the Rocklin Police Department's Departmental Directive and Admonition, dated January 16, 2003.

(Mem & Order at 9:6-10:6.)

Plaintiff's termination prompted a second evidentiary hearing held in 2006. That hearing was previously summarized as follows:

> On January 9, 2006, following a seven-day evidentiary hearing, in which 18 witnesses testified and 100 exhibits were moved into evidence, arbitrator William Riker issued a 49-page advisory decision, denying plaintiff's grievance and sustaining each of the six charges against [P]laintiff contained in the Notice of Termination.

(Id.)

On January 11, 2006, Urrutia issued a letter accepting the arbitrator's advisory decision without modification and sustaining Plaintiff's termination. Plaintiff vociferously opposed the arbitrator's bases for his termination.

///
///

4

Specifically, Plaintiff maintains that Defendants retaliated against him because of his complaints of what he contends constituted an illegal ticket incentive program and reports of alleged Brady[2] violations based on the department's failure to disclose officers' criminal history.  Importantly, Plaintiff contends that other department employees were similarly retaliated against for reporting illegal activity by Defendants and/or refusing to participate in illegal activities.  In support of this contention, Plaintiff proffered evidence through various former department employees' declarations.

Relevant for purposes of this motion, Plaintiff alleged Defendants violated his Fourteenth Amendment equal protection rights by establishing different classes of employees for the purpose of imposing discipline.  Specifically, Plaintiff alleged he was a member of the "non-team players," a distinct group of employees who complained of and reported illegal activity by the City and its employees as mandated by law and were disciplined for doing so.

///
///
///
///
///
///

---

[2] Pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), criminal prosecutors have a duty to disclose evidence to criminal defendants when the evidence is material and favorable to the defendant.  If there is a failure to do so, a criminal defendant may assert a due process violation under the Fifth and Fourteenth Amendments.  Id.

5

1        In its previous memorandum issued on Defendants' motion for
2   summary judgment (ECF No. 199), the Court held that "plaintiff
3   has proffered sufficient evidence to raise a triable issue of
4   fact that defendants treated the 'non-team players,' a distinct
5   group of individuals, categorically different than the 'team
6   players,' and that such differential treatment, whereby the
7   non-team players were disciplined more harshly, was without a
8   rational basis."  (Mem. & Order at 19:7-12.)  For example,
9   "plaintiff describes that he was ultimately terminated for having
10  revealed violations of law and criminal activity by the City and
11  its employees, yet other employees, like Steve Newman, were hired
12  and promoted despite convictions for, among other things, theft
13  of police evidence."  (Id. at 20:5-10.)  Based on these findings,
14  the Court denied Defendants' motion for summary judgment as to
15  Plaintiff's equal protection claim.
16       On May 5, 2011, the Ninth Circuit, after hearing Defendants'
17  interlocutory appeal, issued a memorandum and order upholding the
18  denial of Defendants' motion for summary judgment.  (See ECF
19  No. 221 [holding that Plaintiff's allegations that Defendants
20  were "acting unlawfully by subjecting employees perceived as
21  being uncooperative with department misconduct to discriminatory
22  discipline and termination" are sufficient to "make out an equal
23  protection claim"].)
24  ///
25  ///
26  ///
27  ///
28  ///

6

**ANALYSIS**

Defendants now contend that the Court should grant them leave to file another motion for summary judgment. Defendants maintain that it is necessary for the Court to grant the requested relief because neither this Court, nor the Ninth Circuit has considered whether the alleged classification and Plaintiff's termination are supported by a rational basis. Moreover, Defendants assert, "case law from another district court within the Ninth Circuit, issued after this court ruled on the motion for summary judgment and substantial out-of-circuit authority on which the Arizona district court relied, establish that the conduct at issue has no constitutional support in the equal protection case." (Def.'s Mot, filed Oct. 24, 2011, [ECF No. 230] at 2:25-28.)

Plaintiff counters that the case upon which Defendants rely, McBurnie v. City of Prescott, 2010 WL 5344927 (D. Ariz Dec. 22, 2010), is not only not controlling on this Court, but is also inapposite. Thus, according to Plaintiff, Defendants are merely attempting to have a third bite at the apple where Defendants have simply repeated the same fundamentally erroneous contention that Plaintiff cannot state a claim under the equal protection clause of the Fourteenth Amendment.[3]

---

[3] As a preliminary matter, the Court notes the procedurally awkward nature of Defendants' motion. Specifically, Defendants, essentially, are asking the Court to reconsider its previous ruling based on either a different theory that it failed to present in its earlier motion for summary judgment, or on legal authority circulated after the Court issued its order on Defendants' motion for summary judgment.
(continued...)

Preliminarily, the Court notes that the Defendants' motion is procedurally improper in that it was filed two years after the cut off date for dispositive motions.[4]  (See Pretrial Scheduling Order, filed March 18, 2008 [ECF No. 79] at 3:14-16 ["All dispositive motions...shall be heard no later than **May 29, 2009.**"]) (emphasis in original).  For this reason alone, the Court denies Defendants' request.  Nevertheless, in the interest of completeness, the Court addresses Defendants' arguments in support of its motion.

It is within the Court's discretion to grant successive motions for summary judgment.  Hoffman v. Tonnemacher, 593 F.3d 908, 910 (9th Cir. 2010).  However, while the Court has the discretion to allow such motions, it does not necessarily follow that it should.

///

---

[3](...continued)
In either regard, the appropriate procedural device is a motion to alter or amend the judgment in accordance with Federal Rule of Civil Procedure 54(b), which permits a party, when not all claims have been disposed of, to file a motion for reconsideration of a Court's previous order.  Under the standard imposed by the Ninth Circuit, "the rule offers an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000) (quoting 6 James Wm. Moore et al., Moore's Federal Practice § 54.78[1] (3d ed. 2000)).  Indeed, a district court should refrain from granting a motion for reconsideration absent highly unusual circumstances falling into one of three specific categories: (1) the moving party presents newly discovered evidence; (2) the district court committed clear error; or (3) there is an intervening change in the controlling law.  389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added).  Defendants, however, have failed to file their motion in accordance with this expressly permissible procedural tool.

[4] The Court notes that Defendants have also filed a motion for permission to file a motion for judgment on the pleadings. (See Def.'s Mot., filed January 23, 2012 [ECF No. 239].)

Indeed, the Hoffman court admonished of "the potential abuse of the procedure and reiterate[d] that district courts retain discretion to 'weed out frivolous or simply repetitive motions.'" Id. (Citing Knox v. Southwest Airlines, 124 F.3d 1103, 1106 (9th Cir. 1997)).

In this case, Defendants have not provided the Court any compelling basis for filing an additional motion for summary judgment that essentially recapitulates the same arguments in its previous motion. First, Defendants' contention that the Court did not hear any argument, or make any decision, regarding whether there was a rational basis for the classification is simply erroneous. In its order denying Defendants' motion for summary judgment as to Plaintiff's equal protection claim, the Court held that "[P]laintiff has proffered sufficient evidence to raise a triable issue of fact that Siemens and Urrutia violated plaintiff's equal protection rights in disciplining and ultimately terminating him without a rational basis." (Mem. & Order at 24:23-27) (emphasis added). Thus, Plaintiff's alleged new theory is not new at all.

Moreover, the Court finds, contrary to Defendants' contention, not only is the McBurnie[5] case not controlling, but it also has no bearing on the Court's previous analysis denying Defendants' summary judgment motion as to Plaintiff's equal protection claim.

---

[5] The Court notes that the proposed motion for summary judgment Defendants attached to this motion is enlightening in that it cites to the McBurnie case only once and makes no attempt to substantively analyze the case or to analogize the holding in that case to this one. The Court, therefore, cannot see how this case makes any legitimate augmentation to Defendants' previous motion for summary judgment.

9

McBurnie, 2010 WL 5344927 at *3.  In McBurnie, a terminated Parks and Recreation officer brought a claim against the city under the equal protection clause.  Id.  The court held that Plaintiff did not have a viable equal protection claim because his "claim [was] based not on his membership in an identifiable class, but on his allegation that he was treated differently in retaliation for his speech."  Id. (Emphasis added).  Accordingly, the court explained that "[s]uch claim implicates the First Amendment, not the Equal Protection Clause."  Id.  Conversely, in this case, both the district court and the Ninth Circuit held that Plaintiff was discriminated against based on his membership in a specifically identifiable group — the "non-team players."  Thus, McBurnie is wholly inapposite and provides no basis for this Court to once again entertain Defendants' motion for summary judgment.

In conclusion, the Court finds that Defendants have proffered no legitimate basis for the Court, in its discretion, to entertain a second motion for summary judgment.  Defendants' proposed renewed motion for summary judgment is merely a recapitulation of Defendants' previous argument in support of their contention that Plaintiff does not have a viable equal protection claim; a contention the Court has already found is baseless.  To this end, the Court finds that Defendants' proposed second motion for summary judgment is without merit and therefore denies Defendants' motion.

///

///

///

///

**CONCLUSION**

For the foregoing reasons, Defendants' motion to file a second motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11