UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICK EATON,                                No. 2:07-cv-00315-MCE-CKD

        Plaintiff,

  v.                                       MEMORANDUM AND ORDER

MARK J. SIEMENS, an individual
and in his capacity as Chief
of Police, et al.,

        Defendants.

----oo0oo----

This matter is before the court on Defendants' motion for leave to file a motion for judgment on the pleadings.[1] Plaintiff opposes the motion. For the reasons set forth below, Defendants' motion is granted.[2]

///

///

---

[1] Leave to file said motion is required because the date for dispositive motions has long passed.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

The Court has recounted the relevant facts of this case in detail on a number of occasions. Thus, in the interest of brevity, the Court recounts only those facts necessary for understanding of the Court's analysis.

Plaintiff was a police officer with the City of Rocklin Police Department. The City terminated Plaintiff after he made a number of complaints regarding the allegedly criminal background of a fellow officer and engaged in conduct that was subversive to the efficient operation of the department.

In 2002, the department issued Plaintiff a 40-hour unpaid suspension for what it characterized "verbal harassment in the form of unwanted and inappropriate sexually oriented comments." (Court's Mem. & Order, filed Dec. 14, 2009 [ECF No. 199] at 4:13-14.) Between 2002 and 2004, Defendants alleged that Plaintiff engaged in various subversive conduct that undermined the order and efficient operation of the Rocklin Police Department. For example, as the court explained in its order of Defendant's motion for summary judgment, Plaintiff informed superiors of a fellow police officer's criminal background and discussed the matter within the department, despite warnings to refrain from doing so; Plaintiff engaged in confrontations over performance evaluations; Plaintiff criticized superiors for alleged improper personal use of police vehicles and for instituting what Plaintiff alleged were illegal ticketing incentive programs. (See generally id. at 4:12-8:22.)

Plaintiff proceeded to file an internal grievance pursuant to his union contract for the 40-hour suspension he received in 2002.

2

On June 30, 2004, after a five-day evidentiary hearing, that grievance was denied by arbitrator Catherine Harris.  Harris found "just cause" for the City's 40-hour suspension of Plaintiff for violation of the verbal harassment policy."  (Id. at 8:23-28.)  Plaintiff was subsequently terminated as outlined by the Court in its previous Order:

> On November 1, 2004, [City Manager] Urrutia issued plaintiff a Notice of Termination setting forth the following charges: (1) plaintiff made malicious and threatening statements to his supervisor Newman on October 13, 2003 during a performance evaluation, including statements concerning the sexual orientation of Newman's ex-wife; (2) during October to December 2003, plaintiff made disparaging remarks about Newman during briefings and in conversations with his subordinates; (3) during that same period, plaintiff made disparaging remarks about Siemens during briefings and in conversations with subordinates; (4) during November 2003, while on duty, plaintiff offered to show a police report about Newman to Olivera to help Olivera in an internal affairs investigation; (5) in September 2004, plaintiff made inappropriate comments about the disposition of his verbal harassment grievance to Sergeant Vizzusi and Lieutenant Johnstone; and (6) plaintiff did not follow the mission of the department and the directions of the Chief of Police, and he refused to strictly adhere to the standards and policies of the department. The Notice indicated that all six charges described conduct violative of the Rocklin Police Department's Departmental Directive and Admonition, dated January 16, 2003.

(Mem. & Order at 9:6-10.)

Plaintiff's termination prompted a second evidentiary hearing held in 2006.  That hearing was previously summarized as follow:

> On January 9, 2006, following a seven-day evidentiary hearing, in which 18 witnesses testified and 100 exhibits were moved into evidence, arbitrator William Riker issued a 49-page advisory decision, denying plaintiff's grievance and sustaining each of the six charges against [P]laintiff contained in the Notice of Termination.

(Id.)

///

3

On January 11, 2006, Urrutia issued a letter accepting the arbitrator's advisory decision without modification and sustained Plaintiff's termination.

On April 10, 2007, defendants filed a motion to dismiss the complaint, arguing that the action was barred by res judicata. Specifically, "Defendants move[d] to dismiss [P]laintiff's complaint on the ground that the City's administrative decision resulting in plaintiff's administrative decision resulting in [P]laintiff's termination bars this action, which either raises the same factual and legal issues presented in the arbitration proceeding or issues which could have been raised in that proceeding." (Court's Mem. & Order, filed May 23, 2007, [ECF No. 24] at 9:9-14)  On May 23, 2007, the court issued a memorandum and order denying Defendants' motion to dismiss on the grounds that "[t]he underlying administrative proceeding was not of a judicial nature, in that the arbitrator was not empowered to adjudicate the rights of the parties before him, but rather, he offered only his advisory opinion." (Id. at 3:4-7.)  Thus, the court held that the administrative proceedings did not have any preclusive effect upon Plaintiff's federal court action. (Id.)

On January 17, 2012, a three-judge panel of the Ninth Circuit issued a unanimous opinion, holding that California's principles of issue and claim preclusion prevent federal courts from hearing a Section 1983 claim arising out of a public entity terminating an employee where the issues were previously litigated in an advisory arbitration proceeding. See White v. City of Pasadena ___ F.3d ___, 2012 WL 118569 (9th Cir. 2012).
///

4

Specifically, the court explained, "[u]nder California law, a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if 'the administrative proceeding possessed the requisite judicial character.'" Id. (quoting Runyon v. Bd. of Tr., 48 Cal.4th 760, 773 (2010)). The court held that state administrative decisions regarding public employment are of sufficient judicial character to have preclusive effect in federal court under California law.

Defendants contend that the Ninth Circuit precedent expressly contradicts this court's previous ruling on defendants' motion to dismiss. Specifically, Defendants maintain the holding in White upends the court's conclusions that the state administrative proceedings, confirming the legitimacy of Plaintiffs' termination, lacked the necessary judicial character to have preclusive effect. Thus, according to Defendants, the court should exercise its discretion to permit Defendants to file a motion for judgment on the pleadings based on the intervening change in the law. Plaintiff counters that the non-binding advisory opinion in this case still cannot have preclusive effect because equal protection was not raised in the arbitration. Moreover, Plaintiff maintains that White only held that "the full faith and credit clause . . . required preclusion of administrative decisions upheld in State court," and thus, is inapplicable in this case. (Pl.'s Opp'n at 6:9-10.)

District courts have inherent power to manage and control their docket. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402 (9th Cir. 2010).

Thus, it is within the court's discretion, good cause being shown, to grant a party leave to file dispositive motions past the deadline for such motions. Cf. Hoffman v. Tonnemacher, 593 F.3d 908, 910 (9th Cir. 2010) (holding that the district court had discretion to grant successive motions for summary judgment).

The court finds Plaintiff's arguments in opposition to Defendants' request unavailing. The White court, "applying California principles of issue preclusion," expressly found that a state administrative proceeding, strikingly similar to the proceeding in this case, precluded Plaintiff from relitigating those issues finally decided in those proceedings. White, 2012 WL 118569 *10. Thus, the court finds that, based on the intervening change in controlling authority directly related to this court's previous analysis, Defendants should be provided an opportunity to demonstrate how the White precedent is applicable to the facts of this case. Plaintiff, of course, will have adequate opportunity to present its arguments as to why White is inapplicable to the facts of this case.

Based on the foregoing, the court, in its discretion, hereby GRANTS Defendants' motion for leave to file a motion for judgment on the pleadings. Defendants are granted fifteen (15) days from the date of this order to file a motion for judgment on the pleadings. Plaintiff is granted fifteen (15) days from the date of service of Defendants' motion for Judgment on the pleadings to file a response thereto.

///

///

1 Defendant may, but is not required to, file a reply within seven
2 (7) days of the date of receipt of Defendants motion.
3     IT IS SO ORDERED.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7